## PRICE v. SWOPE.
### No. 12233.

United States Court of Appeals
Ninth Circuit.

Dec. 14, 1949.

Rehearing Denied Jan. 19, 1950.

Homer C. Price, in pro. per.

Frank J. Hennessy, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order dismissing appellant's petition for a writ of habeas corpus. This is the fourth such petition filed by appellant. The hearing below was had pursuant to the mandate of the Supreme Court in Price v. Johnston, 334 U.S. 266, 293, 294, 68 S.Ct. 1049, 92 L.Ed. 1356. Appellant, in 1938, in the District Court for the Eastern District of Michigan, was convicted of bank robbery and kidnapping and sentenced to 65 years. For a history of appellant's prior attempts to secure his release, see Price v. Johnston, supra, 334 U.S. pages 269–278, 68 S.Ct. pages 1052, 1056.

Appellant alleged two grounds for the granting of his petition. The court below made findings of fact and conclusions of law after hearing much testimony on the issues presented by appellant and ordered that the petition be dismissed.

Appellant first contends that the government knowingly used perjured testimony in order to procure his conviction in that the principal witness for the government, one Donner, changed his testimony in a material respect after a conference with Mr. John Babcock, Assistant United States Attorney, who was prosecuting the case for the government. Mr. Donner was the cashier of the bank appellant was charged with robbing.

During a lengthy cross-examination in the trial of appellant for bank robbery, Mr. Donner repeatedly insisted that a gun barrel was pointed at him. The testimony upon which appellant bases his claim of perjury is as follows:

"Q. All right, what else did you see at the time, that you have not disclosed to the court and jury here? A. Regarding the gun?

"Q. That is right. A. I didn't see anything only the barrel.

"Q. Well, now, so there will be no misunderstanding, and so that the court and jury and counsel will have the benefit of your testimony, you could not see within that man's hand any weapon, could you? A. No, sir."

On the following day, the cross-examination of Mr. Donner continued, and he testified in greater detail about the gun barrel he saw. He also admitted discussing his

testimony of the previous day with the United States Attorney, and that he now remembered some things that he had forgotten the day before. It is undisputed that Mr. Donner was hard of hearing, and he was warned by Mr. Babcock to listen carefully and to understand each question before he answered. With the exception of Mr. Donner's negative answer to the last question quoted above, there is no real inconsistency between the testimony of the two days, although more details were elicited from the witness the second day.

Mr. Donner, Mr. Babcock and Mr. Earl Richmond, a special agent of the Federal Bureau of Investigation, who was present at the conference, all testified at the hearing below that no false or perjured testimony was used at the trial. This testimony was not shaken by cross-examination and amply supports the findings by the trial court:

"XII. That the Government, or any of its agents, did not knowingly, or at all, employ false testimony during the trial of the petitioner to obtain the conviction of the said petitioner.

"XIII. That the petitioner has not sustained the burden of proving that the Government, or any of its agents, knowingly, or at all, employed false testimony during the trial of the petitioner to obtain the conviction of the said petitioner."

Appellant's second contention is that the government knowingly deprived him of his right to appeal from his conviction. Appellant testified that he mailed a notice of appeal to the trial judge, but on cross-examination admitted he had advised the trial judge he had sent the appeal papers to the clerk of the trial court. Mr. Babcock testified that so far as he knew no notice of appeal had ever been filed. An affidavit of Judge Moinet, who presided at appellant's trial in Michigan, was introduced below. This affidavit was the answer of Judge Moinet to a petition for writ of mandamus and order to show cause in the case of Price v. Moinet, 6 Cir., 116 F.2d 500, certiorari denied 311 U.S. 703, 61 S.Ct. 170, 85 L.Ed. 456, wherein appellant petitioned the Sixth Circuit Court of Appeals to require Judge Moinet to enter a decision on appellant's application for an appeal from his conviction. The affidavit alleged, and the Sixth Circuit held, that there was no application for an appeal and no appeal pending in the Eastern District of Michigan. The findings by the court below:

"XIV. That neither the trial judge nor the United States Attorney, nor any of his assistants, nor any of the representatives or agents of the Government in any way prevented or frustrated the petitioner in preparing, filing, perfecting, or prosecuting his appeal from the judgment of conviction heretofore entered against him in the trial Court.

"XV. That the petitioner has not sustained the burden of proving that the trial judge or the United States Attorney, or any of his assistants, or any of the representatives or agents of the Government, in any way prevented or frustrated the petitioner in preparing, filing, perfecting, or prosecuting his appeal from the judgments of conviction heretofore entered against him in the trial Court." are supported by the evidence.

The judgment is affirmed.