**James A. WILLIAMS, Appellant,**

v.

**UNITED STATES of America, Appellee.**
**No. 14882.**

United States Court of Appeals
Ninth Circuit.
Sept. 25, 1956.

James A. Williams, in pro. per.

Wm. T. Plummer, U. S. Atty., James M. Fitzgerald, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before POPE and CHAMBERS, Circuit Judges, and BOLDT, District Judge.

POPE, Circuit Judge.

The appellant undertakes to present here by one brief appeals from orders denying motions to set aside and vacate several sentences imposed upon him in the District Court of the Territory of Alaska. The motions were made under Title 28 U.S.C.A. § 2255. Three of the sentences were imposed by the court sitting in the Fourth Division at Fairbanks, Alaska, and one was imposed by the court in the Third Division sitting at Anchorage, Alaska. In each case he was charged with the crime of larceny by check. The three cases in the Fourth Division were there numbered 1841, 1842 and 1843. The record shows that in 1841 Williams was found guilty by jury and on the 10th day of March, 1954, sentenced to imprisonment for a period of three years. Cases numbers 1842 and 1843 were thereafter tried together and verdict of guilty of the crime charged in each case was returned by a jury. In No. 1842 he was sentenced to imprisonment for a period of one and one-half years, such sentence to commence immediately; and in No. 1843 he was sentenced for a like term to commence at the termination of the term imposed in No. 1842.

In the Third Division, in case No. 2985, the indictment was in five counts, each listing a separate check which Williams was charged with having uttered and passed with intent to defraud persons therein named. Williams signed a pauper's affidavit and counsel was appointed to represent him. Upon arraignment he asked for time within which to enter his plea, and subsequently he appeared with counsel and pleaded not guilty. Two days later, again being represented by counsel, he withdrew his plea of not guilty and entered a plea of guilty. He was then sentenced to imprisonment for the period of a year and a day upon each of the five counts, said sentences to run consecutively and to run concurrently with the sentences previously mentioned imposed in the Fourth Division. This sentence was announced orally on April 23, 1954, and formal judgment to the same effect was signed and filed on May 12, 1954. No attempt was made to appeal from this judgment in No. 2985. Notices of appeal from the judgments in the cases in the Fourth Division were filed but no records thereon were docketed in this court and those appeals were dismissed. Williams v. United States, 9 Cir., 221 F.2d 236.

On October 14, 1954, Williams filed his first motion under § 2255 in No. 2985 (in the Third Division). This motion was denied by the same judge who had entered the sentence against him, on December 9, 1954. However, the record contains copy of the minute order reciting that the Honorable George W. Folta, another District Judge, denied the same motion on January 24, 1955. The file certified here indicates that the notice of denial of the motion which was mailed to the appellant on January 25, 1955, referred to the denial by Judge Folta. On February 17, 1955, Williams filed a notice of appeal referring to an order of denial made by Judge Folta on "1/25/55". On April 7, 1955, this appeal, as well as the appeals from the convictions in the Fourth Division, were dismissed on the ground that the notice of February 17, 1955, was not in time. Williams v. United States, supra.[1]

---

1. At this time Williams was serving time at McNeil Island penitentiary. It seems probable that the only notice of an order denying his motion that he had was

Thereafter on April 20, 1955, Williams filed at Anchorage a motion to vacate and set aside sentence and judgments in case No. 2985, under § 2255, Title 28, and on April 26, 1955, he filed a similar motion at Fairbanks in cases Nos. 1841, 1842 and 1843. The motion as filed at Anchorage was denied by Judge McCarrey on April 29, 1955, "for lack of merit". No appeal was taken from this order. The motion to vacate and set aside the sentences and judgments as filed at Fairbanks was denied by Judge Forbes on June 14, 1955, and on June 20, 1955, appellant filed a notice of appeal from that order. This is one of the appeals now before us.

Although as noted no appeal was taken from the April 29, 1955 denial of the motion to vacate made by Judge McCarrey at Anchorage, Williams on August 15, 1955, filed another motion to set aside judgment and sentence under Title 28, § 2255. This was entitled only in case No. 2985 in the Third Division. It was denied by Judge McCarrey on August 17, 1955, "because a similar motion has been entertained and denied, and consistent with such ruling."

On September 16, 1955, Williams filed notice of appeal from the last named order. This appeal also is before us.

These various petitions to vacate and set aside judgments and sentences are a melange of allegations relating to what the petitioner claims transpired at these various trials, both at Fairbanks and at Anchorage. Included are numerous allegations as to the history of the petitioner's experiences in Alaska prior to the dates of the commission of the offences for which he was tried and convicted; extensive accounts of his dealings with United States Attorneys whom he charges with corruption in office; accounts of prior arrests on other charges; and the story of how petitioner sought the help of FBI agents to uncover the corruption which he found in Alaska. He asserts that his arrest and prosecution was a scheme to kill his influence and to prevent him from uncovering the corruption in the United States Attorney's office. He states that he was denied due process in his trial at Fairbanks in that he was denied the right to subpoena documents and to call certain witnesses in his defense; that counsel appointed to defend him did a poor job in that he refused to tell the court that the petitioner's money had unlawfully been taken from him by the corrupt United States Attorneys.

■ With respect to all these allegations relating to appellant's conviction and sentence in the Fairbanks Division, we feel obliged to disregard them under the rule of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. In the Anchorage Division, upon his plea of guilty there, appellant has been sentenced to serve an aggregate of five years. All of these consecutive terms, the judgment provides "shall run concurrently with the sentence imposed on the 10th day of March, 1954 in the District Court, Fourth Judicial Division, Territory of Alaska in cause No. 1841." This, it will be recalled, was a three year sentence. It is thus plain that even if the Fairbanks proceedings were all held to be void a judgment to that effect would not operate to release Williams providing his five year sentence pursuant to the Anchorage conviction is a valid one. The decision in McNally v. Hill, supra, had to do with a petition for a writ of habeas corpus. In that case petitioner had been found guilty under three counts of an indictment; sentences were imposed on each count, some of which were to be concurrent with others. The petition assailed the conviction on the third count as void. The court said 293 U.S. at page 135, 55, S.Ct. at page 26: "We conclude that, as it appears from the petition that the detention of petitioner is lawful under the sentence on the second count, there is no occasion, in a habeas corpus proceeding, for inquiry into the validity of his con-

the one relating to the order of Judge Folta. When this court dismissed the appeal its attention had been drawn only to the denial by Judge McCarrey on December 9, 1954.

viction under the third." The court held that there was no precedent for the use of the writ "as a means of securing a judicial decision of any question which, even if determined in the prisoner's favor, could not have resulted in his immediate release."

This court has held that the same principle is applicable to proceedings under Title 28, § 2255, saying that a motion under that section "does not lie to secure a judicial decision which, even if determined in the prisoner's favor, would not result in his immediate release." Crow v. United States, 9 Cir., 186 F.2d 704, 706; Lopez v. United States, 9 Cir., 186 F.2d 707. That § 2255 is not thus available is implicit in the decision in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. Cf. United States v. Bradford, 2 Cir., 194 F.2d 197, and United States v. Lavelle, 2 Cir., 194 F.2d 202. The principle here applied is similar to that stated in Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692, where the court said that since conviction on one count must be affirmed, there was no occasion to consider alleged infirmities with respect to convictions on other counts.

We proceed therefore to inquire into what appellant claims made his sentence in the Third Division a void one, disregarding those allegations which necessarily relate solely to the Fourth Division convictions. We note that as concerns his appeals or attempted appeals from denials of his motions under § 2255, appellant has obtained no leave to prosecute those in forma pauperis or to proceed here upon typewritten records or briefs. We choose to ignore that and inquire whether any of his successive petitions, either alone or taken altogether, state any ground for vacating or setting aside the judgment and sentence in No. 2985. That involves an undertaking to try to winnow some grain from the mass of chaff which has been poured into these petitions. Such are the extended accounts of preceding arrests on unrelated charges such as selling liquor without a license; the assertion of hostility against the petitioner on the part of the United States Attorney and the Marshal because of his race; a charge of corruption in the administration of the office of the United States Attorney; and that he was denied due process of law because his premises were unlawfully searched and because the prosecutors refused to arrest one Jones who, petitioner says, unlawfully took petitioner's bank deposit.

As petitioner pleaded guilty in No. 2985 and no testimony obtained by any unlawful search was sought to be used against him, his bare assertion that he was denied due process of law finds no support in any allegation of fact that can possibly be material here. He asserts that his court appointed attorney "proved himself to be hostile toward the defendant who was left helpless before the United States Attorney who asked for five years of the defendant's life." It may be taken for granted that his attorney advised him to plead guilty, or at least did not advise him not to do so. Appellant makes it plain that he feels aggrieved because the court appointed attorney did not succeed in procuring a lighter sentence.

However, there is no allegation in the petition asserting or even suggesting that the petitioner did not knowingly and willingly enter his plea of guilty. Essentially the complaint is that the attorney did a poor job of representing petitioner at the time the judge took the plea of guilty and proceeded to fix the sentence. The minutes of the court show that the attorney then addressed the court on behalf of the defendant. While there is no record of what the attorney then said, or how well he said it, yet what he did and how he conducted himself, was something perfectly apparent to the judge. The complaint adds up to no more than an expression of petitioner's opinion that he was not well represented. Under such circumstances, it would have been absurd for the court below to send for petitioner and have him take the stand to express the same opinion. The court already knew the facts.

The complaints about the refusal to permit petitioner to subpoena witnesses or documents; about the perjured testimony of a drunk man; about the corruption and malice against petitioner on the part of the prosecuting officials of Fairbanks, all relate to the Fourth Division conviction, and for the reasons above stated, need not be discussed here.

We hold that the § 2255 petitions, insofar as they relate to the Third Division sentence, are insufficient upon the face thereof. The orders appealed from are affirmed.