**Henry SIMPSON, Appellant,**

v.

**Harley O. TEETS, Warden, California State Prison at San Quentin, Appellee.**

No. 14895.

United States Court of Appeals Ninth Circuit.

Nov. 7, 1956.

Rehearing Denied Dec. 6, 1956.

Pope, Circuit Judge, dissented.

James F. Thacher, A. J. Zirpoli, San Francisco, Cal., for appellant.

Edmund G. Brown, Atty. Gen. of California, Clarence A. Linn, Arlo E. Smith, Deputy Attys. Gen. of California, for appellee.

Before HEALY, POPE and FEE, Circuit Judges.

HEALY, Circuit Judge.

Appellant was charged in a California Superior Court of causing his son, Clarence, to murder appellant's wife, Clarence's mother. On a trial before a jury a verdict of guilty of murder in the first degree was returned against him. The jury determined also that appellant was not insane. A sentence of death was imposed against him. On the mandatory appeal to the state Supreme Court the conviction was affirmed. People v. Simpson, 43 Cal.2d 553, 275 P.2d 31. Habeas corpus proceedings were then brought in the state Supreme Court, the petition for the writ being predicated in major part on a claim that appellant's stepson, Donald Dodge, gave knowingly perjured testimony on the trial. This petition the California Supreme Court denied. Certiorari was applied for to the United States Supreme Court and was denied. Simpson v. Teets, 349 U.S. 960, 75 S.Ct. 890, 99 L.Ed. 1283.

The present appeal is from a denial of the petition for the writ presented to the court below, District Judge Roche presiding. The petition there lodged and denied is identical in its averments with that presented to the Supreme Court of California and likewise with that accompanying the petition for certiorari which was denied by the United States Supreme Court.

The prime contention of Simpson's counsel appears to be that because the California Supreme Court denied without opinion his petition for the writ, that therefore it did not consider the petition. The same contention seems to be put forward with respect to the denial of certiorari by the United States Supreme Court. We are unable to see any merit in this contention, or in the appeal.

The District Court's denial of the writ is accordingly affirmed.

JAMES ALGER FEE, Circuit Judge (concurring).

This case is completely unique on its facts. No previous precedent is controlling.

The salient point in this case is not the utter unsubstantiality of the allegations of the petitions, but the course of these two petitions, virtually identical in form and content, praying release of Simpson on habeas corpus. One of these was lodged in the Supreme Court of California. Its twin was filed in the United States District Court for the Northern District of California. The Supreme Court of California, who had intimate knowledge of the whole record owing to the previous automatic appeal, dismissed the petition. The District Court held the twin petition in abeyance pending grant or denial of certiorari to the California Court by the United States Supreme Court. It is set up in the petitions that perjured testimony was used by the

State in the main trial, but the Supreme Court of California had theretofore accepted this testimony as true. People v. Simpson, 43 Cal.2d 553, 275 P.2d 31. There is an allegation of perjury coerced by a Deputy District Attorney, a variation of which is given in each petition. Obviously, petitioner does not claim to be present at the time. However, he suggests no one else who will testify to the fact. Moreover, simply because the Supreme Court did not mention the matter in the published opinion is of no consequence. The state court had again accepted this questioned testimony as true. The allegations of neither petition would be sufficient to require a trial court to grant a new trial. In the light of the complete record, the Supreme Court of the state found no basis for disturbing the conviction on petition for habeas corpus.

The United States Supreme Court denied certiorari to the Supreme Court of California, the petition for which was based upon the denial by the latter of a petition for habeas corpus, virtually identical with the one filed in the District Court. Thereafter, the twin petition for habeas corpus was denied by the District Court, and this matter is now before us upon appeal.

The judges of the Supreme Court of California are bound by the United States Constitution, as is the District Court and as we ourselves are. It cannot be assumed that these judges violated their duty or the rights of this defendant. Any question in this regard arising from the denial of a virtually identical petition could have been raised before the Supreme Court of the United States upon petition for certiorari. The Supreme Court of the United States disregarded the matter alleged in the petition before them, apparently owing to the previous complete review of the trial by the state court. The assumed error was as patent then as now.

It would be presumptuous for this Court to order the District Court to take testimony upon the same petition which the highest California court has denied, especially since certiorari to that tribunal was refused by the Supreme Court of the federal system.

POPE, Circuit Judge (dissenting).

The court's opinion has completely missed the point of this appeal. Says the opinion: "The prime contention of Simpson's counsel appears to be that because the California Supreme Court denied *without opinion* his petition for the writ, that therefore it did not consider the petition." (Emphasis mine.) That is not the point at all. Whether a state court shall or shall not write an opinion when it decides a case, is of no concern to any federal court.[1] The appellant here has not argued otherwise. What he has contended is something quite different. It is that he has *never had a hearing,* either in the California court, or in the district court below. Of course, he had a hearing on the appeal from his conviction. But the facts he now asserts were not in issue at his trial, or on that appeal. What he now alleges, and seeks to prove is, that the prosecutor for the state knowingly used false testimony to obtain appellant's conviction, testimony which the State's Attorney coerced a witness into giving.[2] The petition was

1. That is aside from those rare cases where the United States Supreme Court, reviewing a state court decision, must inquire whether the state decision rested on a state or a federal ground. See Dixon v. Duffy, 344 U.S. 143, 73 S.Ct. 193, 97 L.Ed. 153.

2. As disclosed by the decision of the California court on petitioner's mandatory appeal, People v. Simpson, 43 Cal.2d 553, 275 P.2d 31, Simpson was prosecuted on the theory that he counseled, advised and encouraged his thirteen year old son, Clarence Simpson, to kill petitioner's wife, Vivian. Among the state's witnesses was one Donald Dodge, a sixteen year old son of the deceased woman, who testified as to petitioner's threats to kill his wife, and that petitioner said to his wife: "I'm going to kill you and make it look like an accident. I'll have Clarence do it."

Appellant's petition plainly refers to this testimony when it alleges: "Frank

inartificially drawn in Simpson's own handwriting,[3] but the essential allegations are there when it is construed in accordance with the rule of Thomas v. Teets, 9 Cir., 205 F.2d 236, 238, and the cases there cited.[4]

If the facts alleged are true, he has been denied his constitutional right to due process. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214. There is no denial of these allegations, hence they must be assumed to be true. White v. Ragen, 324 U.S. 760, 763, 65 S.Ct. 978, 89 L.Ed. 1348; House v. Mayo, 324 U.S. 42, 45, 65 S.Ct. 517, 89 L.Ed. 739; Thomas v. Teets, supra, 205 F.2d at page 238.

Certainly, if the allegations of the petition were put in issue, and *hearing were had,* it might well develop that the allegations were not true. But the right of any litigant, no matter who he may be, to have a hearing upon an issue of fact presented to a court, is a very elementary one, and a fundamental thing. Very recently the Supreme Court has reversed a State Supreme Court, Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 123, 76 S.Ct. 223, and this court, Chessman v. Teets, 350 U.S. 3, 76 S.Ct. 34, for failure to afford a state prisoner a hearing on his allegations of denial of constitutional rights.

Had the issue raised by the allegations of this petition been determined by a state court which "has given fair consideration to the issues and the offered evidence," it would not have been obligatory for the court below again to try the same issue. Brown v. Allen, 344 U.S. 443, 463, 73 S.Ct. 397, 410, 97 L.Ed. 469. But the issue here, the issue of knowing use of perjured testimony, was never tried in any California court. The petition was presented to the California Supreme Court on February 24, 1955, and denied the same day. Appellant had a right to a hearing in the district court and its denial was error.

What was said in Herman v. Claudy, supra [350 U.S. 116, 76 S.Ct. 226] has precise application here. The court said: "The foregoing narrative of the allegations in the petition and the answer reveals a sharp dispute as to the facts material to a determination of the constitutional questions involved. The allegations as to petitioner's treatment prior to confession and his understanding of the nature and consequences of a guilty plea present the very kind of dispute which should be decided only after a hearing. It is true that the trial record shows that petitioner told the judge that he was guilty and said 'I throw myself at the mercy of the court, Your Honor.' But neither these nor any other statements made before the trial judge at that time are in themselves sufficient to refute as frivolous or false the serious charges made by the petitioner concerning matters not shown by the record. * * * The sound premise upon which these

---

Pierson, the deputy district attorney taken my stepson by the arm and told him to swear what I told you to swear I gave you that car. If you do [not swear] what I told you to swear, I will prosecute you." (The bracketed words are inserted at the point where the writing in the original petition is illegible.) The quoted language followed a general allegation that false testimony was given against petitioner.

3. Simpson had been sentenced to die February 25, 1955. His counsel advise us that they were appointed to assist petitioner at approximately 5:00 P.M. on February 23, when they were completely unfamiliar with his case; that they visited him at San Quentin the following morning and secured from him the petition prepared by him in longhand. They presented the petition in that form to to the district court which granted a stay to permit habeas corpus in the California court. The same day, an identical petition was filed with the California Supreme Court which promptly denied it. The time factor no doubt accounts for the failure of Simpson's counsel to redraft the petition.

4. "Thomas' application being drawn by an inexperienced layman is to be construed to give its allegations effect, though inartificially drawn. Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761; Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356."

holdings rested is that men incarcerated in flagrant violation of their constitutional rights have a remedy."

In attempting to understand the reasons which may have prompted the trial court to dismiss this petition without a hearing, I bear in mind, of course, that at that time the Herman v. Claudy case and the Chessman case had not been decided. But Thomas v. Teets had been, and it had reversed the same district court. There is no suggestion in the order that there had been failure to exhaust the state remedy.[5] The indication is quite the contrary, and any such suggestion would in any event be without merit.[6]

How then may we account for the trial court's action? The recital in the order that the California court "has fully and adequately considered all matters presented to it by petitioner" is just not so, for the petition was denied the same day it was filed. The trial court could not, in the words of Brown v. Allen, supra, be "satisfied, by the record, that the state process has given fair consideration to the issues and the offered evidence", for there was no such record, and no such consideration.

This is not the only case in which hearings have been refused upon issues of fact presented by such petitions, or by petitions under Title 28 § 2255. Note the reversals in Herman v. Claudy, Chessman v. Teets, Thomas v. Teets, supra, Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356, and United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. I cannot help but think that this situation has some relation to the appalling volume of such applications which continue to flood the federal courts. In many instances the petitions have an air of incredibility. It is apparent that even if they were required to be verified by oath, the pains of perjury would be no deterrent to the filing of such petitions. The available statistics demonstrate that such skepticism is justified. In Cranor v. Gonzalez, 9 Cir., 226 F.2d 83, 93, we gave the figures compiled by Mr. Justice Frankfurter as to the outcome of some 3702 such applications made during a four year period. Only five of those applicants made a case for discharge by federal district courts. In short, with but rare exceptions, the applications were without merit. The prisoner who makes

5. Following an introductory recital that the petition had been considered and counsel heard, the order stated: "And it appearing to the court that the Supreme Court of the State of California has fully and adequately considered all matters presented to it by petitioner, that the courts of the State of California have afforded petitioner due process of law and his present contentions appearing to be without merit,

"It is therefore ordered that the petition of Henry C. Simpson for a writ of habeas corpus be and the same is hereby denied and any stay of execution heretofore granted is vacated."

6. Respondent warden does contend that there was failure to exhaust the state remedy because of the failure of appellant's petition in the Supreme Court of California to conform to the rule of In re Swain, 34 Cal.2d 300, 303, 209 P.2d 793, 796. That case requires that a convicted defendant "allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for de-

laying in the presentation of those facts." The petition in the California court was in form identical to that filed below. Plainly it meets the requirements of the Swain case. The state court would necessarily read the petition in the light of its own prior decision on the appeal from the conviction. That decision shows that the testimony of Donald Dodge was material and was relied upon by the State to help supply the requisite corroboration for an accomplice's testimony. Since the allegations in this portion of the petition are of matters dehors the record on appeal, the excuse for failure to present those facts upon the appeal is self-evident. Nothing in the California court's order denying the writ indicates that it was denied because of lack of particularity. The order of the court below shows on its face that it considered that the California court denied the petition on the merits. "The reasonable inference, therefore, is that the California Supreme Court denied the petition on the merits of the case." Woollomes v. Heinze, 9 Cir., 198 F.2d 577, 578.

such an application has nothing to lose and everything to gain. The prisoner under sentence of death may gain time; other prisoners, at the very least, may gain a trip to the federal courtroom. But the filing of contrived petitions will not be discouraged by too critical a construction of petitions with summary denials thereof. Thus Thomas, whose petition contained allegations which were simply not true, Thomas v. Teets, 9 Cir., 220 F. 2d 232, nevertheless obtained years of delay, and had the satisfaction of obtaining a reversal and of seeing his name in the reports, 205 F.2d 236 because the hearing he finally got was first denied him. The same thing happened to Price, a federal prisoner, prior to the adoption of Title 28, § 2255, (Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, and Price v. Swope, 9 Cir., 178 F.2d 273), and after the adoption of § 2255 it happened to Hayman, (United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263 and Hayman v. United States, 9 Cir., 205 F.2d 891). The much publicized experience of applicants such as Thomas, Price and Hayman may well have encouraged others to try the same thing, and have contributed to the spate of such cases.

Of course the Price, Hayman and Thomas cases were close ones. Thus the Thomas reversal was by a closely divided court. But if in any case of doubt the trial court when presented with a petition for a writ of habeas corpus would forthwith take steps to set the case for hearing, and the taking of testimony, it seems likely that when the facts show a fabricated case, and the findings so state, the whole matter could be brought to an end by denial of a certificate of probable cause.

The feeling, supported by the statistics, that the chances are 740 to 1 that such an application is without merit, the knowledge that it may even be a contrived invention, should not deter any judge from shouldering this burden of combing the facts in every such case upon the chance that it may be one of those 13/100ths of 1 per cent that may have some merit. Granting that these applications, all taken together, present a task for the courts that is hard to bear, yet it is a proud tradition of our system that every man, no matter who he may be, claiming denial of due process is entitled to have that claim examined. Making this examination, doing this combing at the earliest possible stage in the litigation may well help ameliorate this serious condition in the federal courts.

\* \* \*

Since the foregoing was written the concurring opinion has been presented. It but serves further to demonstrate the weakness of the majority's position. It seeks to make two points. The first is that the California court, on the mandatory appeal, "accepted this testimony as true". Of course it accepted it as true; —the question of coercion by the prosecutor was not then in issue, as I have stressed above. "[T]he question brought forward on a habeas corpus, is always distinct from that which is involved in the cause itself." Ex parte Bollman, 1807, 4 Cranch 75, 101, 2 L.Ed. 554, per Marshall, C. J.

The second point is based upon the fact that the Supreme Court denied certiorari after the California court had denied the identical petition for habeas corpus. That this circumstance has no significance whatever in a case of this kind was decided in Brown v. Allen, 344 U.S. 443, 497, 73 S.Ct. 397, 97 L.Ed. 469.

The remark, in the concurring opinion, that "he suggests no one else who will testify to the fact", is one I cannot understand. A petition need not list expected witnesses. He has been given no chance to call any. As the Supreme Court said of a similar suggestion in Price v. Johnston, 334 U.S. 266, 291, 68 S.Ct. 1049, 1063: "Whether petitioner does or does not have any new information \* \* \* is a matter which should be determined in the first instance by the District Court. And it is one on which petitioner is entitled to be heard either

at a hearing or through an amendment or elaboration of his pleadings."

I think the order of the district court should be reversed and the cause remanded for a hearing upon the merits.