**Joseph Orby SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15336.**

United States Court of Appeals
Ninth Circuit.

July 7, 1958.

Rehearing Denied Sept. 17, 1958.

Joseph Orby Smith, pro. per. and Willis W. Jourdin, Oakland, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

POPE, Circuit Judge.

The appellant filed in the court below two separate petitions evidently designed for the purpose of obtaining relief under 28 U.S.C. § 2255. Appellant had been convicted in the court below upon an indictment charging him with robbery of a national bank and assault with a dangerous weapon. The first of his applications, designed to procure relief from the sentence imposed pursuant to his conviction, called a "Motion to Correct Judgment and Commitment" was filed June 25, 1956. The second such application was dated March 15, 1957, and called by him "Motion to Vacate Judgment of Conviction and Sentence." Both applications were denied and from the orders denying them separate appeals were taken to this court which were consolidated for hearing. For convenience we deal with them in the inverse order of their filing.

### The Petition Dated March 15, 1957.

This alleged that petitioner's conviction was obtained in violation of due process of law for the reason that, (a) he was denied adequate or effective representation by counsel in that his court appointed attorney was unfamiliar with federal criminal procedure and practice, without experience in criminal proceedings, and that the attorney failed to make effective or adequate investigation of the case and failed to present to the court the question of petitioner's sanity at the time of the trial; (b), that the prosecuting attorney knowingly made use of perjured testimony of a government witness named in the petition and suppressed information as to that witness' relation to the government as a working informer; and (c) that the court lacked jurisdiction over the petitioner at the time of the trial because he was then non compos mentis and unqualified and incompetent to be tried in a court of law. The petition named numerous witnesses who it is claimed would testify to the truth of the allegations relating to petitioner's sanity.

The record shows that the petition was heard by the court upon "the records and files of this cause, together with the motion and opposition thereto." Petitioner was not present and the record shows that the cause was not set down for hearing or trial, nor was an opportunity given for taking of testimony although the court did proceed to make findings of fact reciting that specific allegations of the petition were "not supported by any evidence." The court concluded that there had been no denial or infringement of the constitutional rights of the petitioner and denied the application. This court granted appellant's petition to proceed in forma pauperis on both appeals and appointed an attorney to represent him.

The principal error assigned upon this appeal was the failure of the court below to grant the appellant a hearing on his 1957 motion. We think that this motion sufficiently set forth facts which if true would entitle the petitioner to relief. With respect to the claim of denial of adequate or effective representation of counsel, while it is true that this court has laid down the rule that a very strong showing of an attorney's incompetence must be made before a finding of denial of the constitutional right to counsel be made, Latimer v. Cranor, 9 Cir., 214 F.2d 926, 929, yet in our view the allegations of the 1957 application are sufficient to require a hearing upon that proposition.

Our attention has been called to the portions of the record in the original trial under the indictment, (Smith v. United States, 9 Cir., 173 F.2d 181), which appear to lend support to the appellant's claim of inadequate representation. Of course upon trial of this issue the court could properly take into consideration not only testimony then offered as to the character of representation given the petitioner, but could also rely upon the court's own recollection of what transpired at the trial.

■ As for the right of the appellant to have a hearing upon the question of his sanity at the time of the trial, the whole matter is settled by the decision in Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, vacating 96 U.S.App.D.C. 117, 223 F.2d 582.

■ The right of a petitioner under § 2255 to have a hearing upon a proper allegation that the prosecutor knowingly used perjured testimony was settled in Simpson v. Teets, 353 U.S. 926, 77 S.Ct. 720, 1 L.Ed.2d 722, reversing this court, 9 Cir., 239 F.2d 890. See Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214, and Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9. The allegations of the petition relating to the knowing use of false testimony are very brief and lack particularity. However, this court has always judged petitions drawn by laymen in the position of this petitioner with liberality. See Thomas v. Teets, 9 Cir., 205 F.2d 236, 238, and cases there cited. Cf. Simpson v. Teets, supra, dissenting opinion (239 F.2d at page 893). Since the case must be remanded for hearing below, it will be open to counsel to amend this allegation should they be so advised.

Accordingly, upon the appeal from the denial of the application or motion of March 15, 1957, the order denying that petition is reversed and the cause is remanded with directions to provide a hearing upon the allegations of that application.

### The Petition of June 25, 1956.

Counsel assume that this petition also is one filed pursuant to the provisions of § 2255. It alleges that petitioner is confined at Alcatraz Prison serving the sentence imposed upon him in the court below. He was sentenced on May 14, 1948 to a term of 25 years. Petitioner seeks to have an adjudication that his sentence commenced on May 14, 1948. At the time he was tried and sentenced petitioner was serving a sentence of a California court in a California penitentiary, his sentence being from 5 years to life. He asserts that the Government claims that his 25 year sentence did not begin to run while he was in the California prison; but he says that the legal effect of the imposition of the 25 year sentence without designating that it was to commence at a later time, or at the termination of service of the state sentence, was that it would begin when the sentence was imposed, and would run concurrently with the prior sentence notwithstanding that prior sentence was that of another court. He relies upon Zerbst v. Lyman, 5 Cir., 255 F. 609, Aderhold v. McCarthy, 5 Cir., 65 F.2d 452, White v. Kwiatkowski, 10 Cir., 60 F.2d 264, and also upon the case of Ex parte Lawson, 98 Tex.Cr.R. 544, 266 S.W. 1101, in which, he asserts, the state court recognized the same rule with respect to a state sentence upon one already serving a federal sentence.

■ We are of the opinion that this proceeding under § 2255 is not a proper one to afford the appellant relief. Even if petitioner were granted the declaration of rights which he seeks in this petition it would not result in his release as in any event his sentence has a long time to run. Accordingly, under the rule announced by this court in Williams v. United States, 9 Cir., 236 F.2d 894, 897, Hoffman v. United States, 9 Cir., 244 F.2d 378, 380, and Toliver v. United States, 9 Cir., 249 F.2d 804, 805, we hold that the trial court was without jurisdiction to determine the questions sought to be presented by the 1956 petition. Whether in another proceeding the petitioner could presently raise the question sought to be presented by his petition, (see United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248), we have no occasion to discuss at this time. The proceedings based upon the 1956 petition are remanded to the district court with directions to dismiss that petition.

### On Petition for Rehearing

Before HEALY, POPE and CHAMBERS, Circuit Judges.

**128**

PER CURIAM.

Our decision in this case dealt with two petitions which the appellant filed in the court below, both of which were denied. We sustained his appeal from a denial of the petition dated March 15, 1957, in which appellant asserted the invalidity of his conviction of a criminal offense because he had been denied due process in the course of his trial. Proceeding under § 2255 of Title 28 U.S.C., appellant claimed in that proceeding that his conviction was void. At the same time and in the same opinion we rejected the appellant's appeal from a denial of another petition which was referred to as the petition of June 25, 1956. We rejected that appeal on the authority of Williams v. United States. 9 Cir.. 236 F.2d 894, and other cases cited, saying that deeming that petition as having been filed under § 2255 we regarded it as not a proper remedy to afford the appellant the relief which he sought.

Upon this petition for rehearing appellant urges that we should have ordered a hearing in the court below upon this petition of June 25, 1956, in which appellant sought to have an adjudication that the sentence which was imposed upon him following his conviction should have been treated as one running concurrently with a sentence he was serving in a California penitentiary, and that its commencement should not be deemed to be delayed until after he had been released from the California prison.

Petitioner asserts that we improperly labeled this petition of June 25, 1956 as one filed pursuant to § 2255, and that we should have treated it as one seeking relief under the principle of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and that the appellant should have the relief sought in that petition because granting it would hasten the date when he would be entitled to consideration for a parole.

It is obvious that if the appellant is successful upon a further hearing in the court below in establishing his claims as stated in his petition of March 15, 1957, his other petition will become moot since the whole conviction would fall to the ground. We do not hold that petitioner may not under proper circumstances simultaneously sue for inconsistent relief as appellant has undertaken to do here, but it would appear to be a waste of judicial time to require the court below simultaneously to try the question whether the appellant's conviction should be set aside in its entirety and whether on the hypothesis that it should not be set aside the sentence ought to be determined to be one running concurrently with a state court sentence. Nothing which we have heretofore decided can operate to prevent the appellant from having adjudicated at an appropriate time the question of when his sentence began or when he will be entitled to parole. For this reason we find no grounds for granting the petition for rehearing.

The petition for rehearing is denied.