Joseph Orby SMITH, Jr., Petitioner,

v.

UNITED STATES of America, Respondent.

Cr. No. 19993.

United States District Court
S. D. California,
Central Division.

July 9, 1959.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Asst. U. S. Atty., Chief of Criminal Division, and Ronald S. Rosen, Asst. U. S. Atty., Los Angeles, Cal., for respondent United States.

Joseph Orby Smith, Jr., in pro. per., and by his guardian ad litem Beatrice Smith.

HALL, District Judge.

Upon reversal of this Court's Order denying a petition under 28 U.S.C.A. § 2255, the United States Court of Appeals remanded the above matter to this Court "with directions to provide a hearing upon the allegations of that application."

The propria-persona petition, filed March 15, 1957, made serious charges against the court-appointed counsel who represented petitioner at the six day trial for bank robbery with force and violence and with the use of a .45 calibre automatic revolver. The Court of Appeals for the Ninth Circuit affirmed the conviction. Smith v. United States, 1949, 173 F.2d 181.

The petition also made charges against the Judge, and charged that the prosecutor used perjured testimony, and that the petitioner was insane at the time of his trial.

The petition was unverified, and contained the statement that "Petitioner is now confined as *a mental patient* in the United States Medical Center for Federal Prisoners, Springfield, Missouri."

While the Appellate Court quite evidently read the record of the original trial with care, it must be that the Judges overlooked and did not see the above-quoted statement.

The lawyer appointed to represent petitioner in the Circuit Court on his Section 2255 appeal, when requested to advise this Court if, at the time he presented and argued the matter to the Court of Appeals, he then knew that Smith was insane, replied that he regarded that fact as "irrelevant." No mention is made in the opinions of the Court of Appeals [259 F.2d 125, or on the Petition for Rehearing—259 F.2d 127] as to the statement by Smith of his insanity or his mental competency, above quoted.

Being under mandate to provide a hearing, on an unverified petition by an insane man, this Court in an endeavor to carry out the mandate, brought Smith here from Springfield, Missouri, under a writ of habeas corpus ad testificandum, and calendared the matter for setting a hearing date and for the appointment of counsel on January 12, 1959.

Smith's mother had wired from Chicago on December 16, 1958, that she had secured counsel for Smith, but no counsel showed up or filed an appearance on behalf of Smith. At that hearing and ever since, Smith has refused to have the court appoint counsel for him.[1] At that time, his statements and general appearance, together with the entire record in the case, suggested the strong possibility that Smith is, and was, when he filed the pending petition, still presently insane and so mentally incompetent as to be unable to understand the proceedings against him, or to assist any counsel who might appear on his behalf, or even to select counsel. Accordingly, the matter was continued to secure the record of his mental history and status from the United States Medical Center at Springfield, Missouri.

At a subsequent hearing on January 19, 1959, the records were put in evidence, and reflected that Smith was first certified as being of unsound mind on October 30, 1956 (which was more than eight years and five months after his sentence for bank robbery on May 14, 1948). The records also showed that the original certificate of mental incompetency was still in force and had not been withdrawn, i. e., that he was still insane.

The Court, on that showing and on observation of the petitioner and his conduct, made a Minute Order appointing two psychiatrists to examine petitioner as to his present sanity, and whether or not he was then presently so mentally incompetent as to be unable to understand the proceedings or assist any counsel appearing on his behalf, under Section 4244 of Title 18 U.S.C.A. But after examination of the authorities, particularly Stanley v. U. S. (9 Cir.Misc. 754, June 25, 1958) that proceedings under Section 2255 are civil in nature, the Court vacated the Minute Order for appointment of psychiatrists made under Section 4244 of Title 18 U.S.C.A.

Thereafter, the United States Attorney noticed and moved for a compulsory mental examination of petitioner under Rule 35, Federal Rules of Civil Procedure, 28 U.S.C.A., in order to determine whether or not a guardian ad litem could or should be appointed to represent the interests of petitioner, under Rule 17(c), Federal Rules of Civil Procedure.[2]

The Court, after hearing, granted the Government's Motion, and appointed Dr. Edwin E. McNeil as a psychiatrist to

---

1. I was under the impression that I had appointed counsel to defend Smith in this case in 1948. But an examination of the records and minutes reflect otherwise. Smith was first indicted on January 7, 1948, for flight to avoid prosecution in Case No. 19,754–CR. of this Court. He was then indicted on February 11, 1948, for robbery of a National Bank in case No. 19,834–CR. Judge O'Connor (now deceased) was the Judge then handling, by rule of court, all arraignments, pleas and short causes. He appointed Herbert L. Hirson as counsel for Smith, but on March 17, 1948, at Mr. Hirson's request, he was relieved of that appointment, and Judge O'Connor appointed Edward C. Freutel as counsel for Smith, and made the following entry in his handwriting: "3–17–48, Edw. C. Freutel appointed by Court and accepted. O'Connor, Judge."

 Thereafter on April 21, 1948, Smith (together with one Montez) was indicted for bank robbery in the instant case, No. 19,993–CR. At that time, Judge Beaumont (now deceased) was handling the criminal calendar. On April 26, 1948, Judge Beaumont appointed Mr. Freutel as counsel for Smith, set the case for trial on May 11, 1948, and transferred it to me for trial, and the case was tried before me.

2. F.R.C.P. 17(c)—"Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

examine the petitioner, and at the same time indicated that the Court would appoint another psychiatrist of petitioner's own choosing, if he desired. Petitioner refused to submit to an examination by Dr. McNeil, and indicated a willingness to be examined by Dr. Karl O. Von Hagen, whereupon the Court made the order for petitioner to submit to a mental examination by Dr. Von Hagen, which he did.

After Dr. Von Hagen submitted a report, a hearing was had on February 16, 1959. Dr. Von Hagen was examined and cross-examined (petitioner still refused to accept court-appointed counsel), and the Court directed the United States Attorney to prepare findings of fact and conclusions of law holding petitioner to be insane, suffering from schizophrenia with paranoid delusions, and to be so mentally incompetent as to be unable to understand the proceedings pursuant to his Motion for relief under Section 2255 of Title 28, U.S.C.A., or to properly assist any counsel in the presentation of his case. The Court then appointed petitioner's mother, Mrs. Beatrice Smith, whom petitioner requested, as his guardian ad litem. The Court then discharged the writ of habeas corpus ad testificandum, and directed that all matters pertaining to the petition be put off calendar until noticed by the guardian ad litem, and further directed that Petitioner be returned to the United States Medical Center at Springfield, Missouri.[3] [See Appendix "A"].

The Findings and Order were lodged February 24, 1959. No objections were filed within five days, under Local Rule, and they were signed and filed, on March 6, 1959. In the meanwhile, petitioner's mother had requested that Petitioner be returned to the Medical Center at Springfield, Missouri, but on March 6, 1959, by telegram she demanded that Smith be "Returned"[4] to *Los Angeles* for hearing, and that counsel be appointed. Acting upon that request, the Court stayed execution of said Order of March 6, 1959.

Since the remand to this Court, every effort has been made to secure counsel for Smith so that some orderly procedure and proceedings could be had to the end of securing a judicial determination of the matter. Smith has steadfastly refused to accept any counsel appointed by the court. His mother has alternately advised she has counsel and requested the appointment of counsel. What her present desire is, I am unable to determine.

The Indigent Panel of the Los Angeles Bar Association has had counsel present at various hearings, ready to offer their services, but Smith has refused to accept the appointment of such counsel, either for himself or for his guardian ad litem. The Los Angeles Legal Aid Foundation has been contacted, with no results. Smith advised in court that he was trying to secure a Mr. [Emil Zola] Berman in Manhattan as his counsel or guardian. Mr. Berman has not appeared, and has not been heard from.

On June 2, 1959, one Frank Duncan came into Chambers, and said that he had been engaged by Smith as his counsel, and asked if I would entertain a request by Smith's mother to return Smith to Springfield as his mother had again requested that Smith be returned to Springfield. Duncan was advised that if he were to appear as counsel, it would be necessary for him to file a Notice of Appearance for the guardian ad litem, and that if she desired Smith's return to Springfield, it would be necessary for her to file an appropriate motion, with supporting affidavits, in view of the fact that Smith was brought here for hearing under mandate of the Court of Appeals. Nothing further has been heard of or from Duncan.

On June 29, 1959, petitioner's mother filed in pro. per., the following Motion:

3. Copy of Findings and Order of March 6, 1959, are set forth in Appendix "A".

4. He had not yet left.

"Mrs. Beatrice Smith
"4814 W. Harrison St.
"Chicago 44, Illinois

"Guardian Ad Litem

"In the United States District Court
For The Southern District
Central Division

"(Filed: June 29, 1959)

"Joseph Orby Smith, Jr. Cr. No. 19993

vs. Motion To Return Petitioner
To The United States Medical
United States of America. Center, Springfield, Missouri.

"To The Honorable Judge Peirson M. Hall —

"Comes now Mrs. Beatrice Smith, court-appointed guardian ad litem, who deposes and states:

"1. That as court-appointed guardian ad litem, requests her son, Joseph Orby Smith, Jr., be forthwith returned to the United States Medical Center, Springfield, Missouri.

"2. That as court-appointed guardian ad litem, and in the interest of her son's welfare and health, that this court arrange the immediate removal and transfer until such time as the alleged insanity of her son has been curtailed to allow the case to be presented properly.

"Respectfully submitted,

"S/ Beatrice Smith

"Mrs. Beatrice Smith
"4814 W. Harrison St.
"Chicago 44, Illinois.

"Guardian Ad Litem

"S/ Loretta Dugan

"Notary Public
"My commission expires June 29, 1961.
"County of Cook, State of Illinois."

———◆———

Hearing on that Motion was set for and had on June 29, 1959. Smith was present in person, but no appearance was made by or for the guardian ad litem.[5]

There is no doubt that Smith is presently insane, nor can question be raised that he was sane, but insane, when he prepared and filed the petition under Section 2255.

 It is clear that such a proceeding is a civil proceeding. Stanley v. U. S., supra. In a civil proceeding there is no doubt that a court can require examination as to mental competence, and

5. It is that Motion which is the subject of this Memorandum. And while the foregoing statement may seem detailed, it by no means reflects the numerous demands, petitions, letters, communications, and accusations which have been filed by the Petitioner and his mother.

appoint a guardian ad litem. [F.R.C.P. 35 and 17(c)].

■■ Underlying this whole proceeding lie some serious questions which it is not necessary to reach for decision. They are indicated in the Footnote.[6]

■ It is not necessary to reach these questions for the reason that the above-quoted motion signed by the guardian ad litem requesting that the court "arrange the immediate removal and transfer until such time as the alleged insanity of her son has been curtailed to allow the case to be presented properly" is, in effect, an abandonment of the present pending petition.

. On the basis of that motion,

It Is Hereby Ordered that the petition under Section 2255, filed March 15, 1957, be, and it is hereby stricken from the files, without prejudice to the right of the petitioner, upon recovering his sanity, or the right of the guardian ad litem, if so advised, to file a new petition.

In this respect, it is to be noted that Section 2255 provides that the sentencing court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

By striking the present petition from the files and ordering the petitioner returned to Springfield for treatment of his insanity,[7] his rights will be preserved

6. Suppose the court proceeds on the petition as originally drawn, and denies it, and the petitioner later recovers his sanity. Could he then file a later proceeding raising the same questions, and claim that the present proceedings were void because he was insane and incompetent at the time? Or, suppose the guardian ad litem files an amended petition, a hearing is had, and the petition denied. Could petitioner, upon recovering his sanity, come in likewise and claim his insanity and incompetence and inability to understand the proceedings, and have a new hearing?

In either of the foregoing events, would the court be precluded from a second hearing after Smith recovers his sanity, under that provision of Section 2255 which reads: "The * * * court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner"?

Or, suppose the court, after hearing on the merits, concluded that Smith was insane or so mentally incompetent at the time of his trial in 1948 as to have been unable to understand the proceedings against him, or properly to assist in his own defense, the court would have to vacate the conviction; and the matter would then cease to be a civil proceeding and would become a criminal proceeding, as the indictment would still stand. Would not the court then have to proceed under 18 U.S.C.A. §§ 4244 and 4246, and commit petitioner to the custody of the Attorney General until the accused becomes mentally competent to stand trial, or until the pending charges against him are disposed of according to law?

While it is the rule that a person who

is insane or of unsound mind is not absolutely disqualified from testifying, and his competence to give testimony is to be determined by the court at the time the testimony is offered [District of Columbia v. Armes, 1882, 107 U.S. 519 at page 521, 2 S.Ct. 840, at page 841, 27 L.Ed. 618; People v. McGaughan, 1957, 49 Cal.2d 409, at page 419, 317 P.2d 974, at page 980], it must be kept in mind that the norm established by 18 U.S.C.A. § 4244 is not his competence to testify, but whether or not the defendant, at the time of his trial, was insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him, or to properly assist in his own defense.

As above indicated, the petition was unverified, but petitioner has since filed documents which have been verified, in which accusations are made. Could he be lawfully prosecuted for perjury in view of his mental incompetence, particularly the diagnosis of being paranoid, a characteristic of which is a suffering from delusions of persecution?

While he also makes accusations of incompetence of court-appointed counsel, must that lawyer be subjected to a bald accusation by an insane man, without regard to the record which shows that such counsel was first appointed February 11, 1948, as counsel for Smith in other criminal matters, and continued to act as his counsel to and through the trial in this case, which began May 11, 1948, 90 days later, without complaint from Smith, or a request that he be replaced?

7. The last progress report in evidence indicates an "improvement."

against a contention, if a subsequent petition under Section 2255 is presented, that the court, under the provisions of Section 2255, is precluded from entertaining such subsequent petition.

It Is Further Hereby Ordered that the writ of habeas corpus ad testifican-dum heretofore issued by this Court on December 11, 1958, be, and the same is hereby discharged; and the United States Marshal is hereby ordered and directed to forthwith return Joseph Orby Smith, Jr. to the United States Medical Center, Springfield, Missouri.

Appendix "A".

Copy

Laughlin E. Waters
United States Attorney
Robert John Jensen
Assistant United States Attorney
Chief, Criminal Division
Ronald S. Rosen
Assistant United States Attorney
 600 Federal Building
 Los Angeles 12, California
 Telephone: MAdison 5-7411, Ext. 543

Lodged: Feb. 24, 1959
Filed: Mar. 6, 1959

Attorneys for Plaintiff,
 United States of America.

United States District Court
for the Southern District of California
Central Division

| Joseph Orby Smith, Jr.<br>Petitioner,<br>v.<br>United States of America,<br>Respondent. | No. 19993-CD<br>Findings of Fact, Conclusions<br>of Law and Orders. |
|---|---|

The above-entitled matter having come on for hearing on February 16, 1959 before the Honorable Peirson M. Hall, Judge presiding without a jury, the respondent being represented by Laughlin E. Waters, United States Attorney, Robert John Jensen, Assistant United States Attorney, Chief, Criminal Division, and Ronald S. Rosen, Assistant United States Attorney, and the petitioner appearing in person; and the Court having heard the testimony of Dr. Karl O. Von Hagen, a qualified psychiatrist designated by the petitioner and by the Court, and the Court having received into evidence a written report of said psychiatrist's examination, together with institutional records from the Federal Medical Center at Springfield, Missouri, relating to defendant's mental condition, and the Court having observed the conduct of the defendant during the course of said hearing, and at the times of Court appearances on January 12, 1959, January 19, 1959, and February 2, 1959, and the Court being fully advised in the premises now makes its findings of fact and conclusions of law:

Findings of Fact.

1. That the petitioner, Joseph Orby Smith, Jr., was committed to Alcatraz on October 15, 1952 to begin service of his sentence of 25 years imposed on May 11, 1948 by the United States District Court of the Southern District of California.

2. That on October 30, 1956, the Sanity Board at United States Penitentiary, Alcatraz, California, was convened and at that time certified the petitioner as then being of unsound mind, and recommended that the petitioner Joseph Orby Smith, Jr. be transferred to the Federal Medical Center at Springfield, Missouri.

3. That on or about November 13, 1956, the petitioner, Joseph Orby Smith, Jr., was transferred from the United States Penitentiary at Alcatraz, California, to the Federal Medical Center at Springfield, Missouri.

4. That on January 21, 1959, Russell O. Settle, M. D., Warden and Chief Medical Officer at the Federal Medical Center at Springfield, Missouri, certified after a search of the records of that Institution that the certificate of unsound mind issued by the Sanity Board at Alcatraz on October 30, 1956, was still in effect.

5. That the petitioner, Joseph Orby Smith, Jr., is at the present time suffering from schizophrenia with paranoid delusions, a mental disease.

6. That the petitioner, Joseph Orby Smith, Jr., is presently insane and otherwise so mentally incompetent as to be unable to understand the proceedings to be held pursuant to his motion for relief under Section 2255, Title 28, U.S. C.A., or to properly assist in the presentation of his case.

### Conclusions of Law.

1. That the Court has the power to make a determination of the petitioner's present mental competency.

2. That the proceeding to determine the petitioner's mental competency and the proposed hearing under Title 28 U.S. C.A. § 2255, are civil proceedings.

3. That the petitioner, Joseph Orby Smith, Jr., is presently insane and otherwise so mentally incompetent as to be unable to understand the nature of the proposed proceeding under Title 28 U.S.C.A. § 2255, or to properly aid in the prosecution of his case.

4. That under the provisions of Rule 17(c), Federal Rules of Civil Procedure, Title 28 U.S.C.A., this Court has the power to appoint a guardian *ad litem* for the petitioner for the purpose of prosecuting the petitioner's cause under Title 28 U.S.C.A. § 2255.

5. That the petitioner has waived any doctor-patient privilege relating to his mental condition by the filing of his action under Title 28 U.S.C.A. § 2255, on March 15, 1957 which action puts in issue his mental condition at the time of his trial on May 11, 12, 13, and 14, 1948.

### Order.

In accordance with the foregoing findings of fact and conclusions of law,

It Is Ordered that Mrs. Beatrice Smith, 4814 Harrison Street, Chicago 44, Illinois, whom the petitioner has requested as his guardian, be, and is hereby appointed guardian *ad litem* to prosecute this action for the petitioner, Joseph Orby Smith, Jr.

It Is Further Ordered that all matters pertaining to this action be and the same are hereby removed from the Court's calendar until such time as the guardian *ad litem* notices the petitioner's motion for further proceedings.

It Is Further Ordered that the writ of habeas corpus ad testificandum issued by this Court on December 11, 1958, be, and the same is hereby discharged, and the petitioner be returned to the Medical Center for Federal Prisoners at Springfield, Missouri, until such time as another writ of habeas corpus ad testificandum is issued to produce the petitioner in this Court for further proceedings.