Ray WHITE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18197.

United States Court of Appeals Ninth Circuit.

May 6, 1963.

**232**

Dusenbery, Martin, Beatty & Parks, and Alonzo P. Stiner, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., and William B. Borgeson, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

CHAMBERS, Circuit Judge.

White stands convicted of six counts of an eight count indictment charging violations of the federal narcotics law. White was sentenced to imprisonment of five years on counts 1, 4, 5 and 8 and to two years on counts 3 and 7, all sentences concurrent.

■ Under the usual rule, if we find one of the counts under which a five year sentence was imposed to be a valid

conviction, we are obligated to go no further. Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; Williams v. United States, 9 Cir., 236 F. 2d 894, 16 Alaska 417.

In the trial court at the close of the government's case, the defendant moved for dismissal or a directed verdict as to all counts. The motion was granted as to counts 2 and 6.[1] Then the defendant elected to present considerable oral evidence. When the testimony was done, defendant moved for dismissal of counts 4 and 8 only, but did not renew the motion as to counts 1, 3, 5 and 7. As indicated above, five year concurrent sentences were ultimately imposed upon White on counts 1 and 5, along with counts 4 and 8. Thus, we have two counts (Nos. 1 and 4) with five year concurrent sentences, the sufficiency of which was not at the close of the evidence challenged. Accordingly, we are under no obligation to review the sufficiency of the evidence which defendant challenged as to all counts in a motion for new trial and challenges here. Ege v. United States, 9 Cir., 242 F.2d 879; Mosca v. United States, 9 Cir., 174 F.2d 448; Hardwick v. United States, 9 Cir., 296 F.2d 24. But we have reviewed the evidence as to counts 1 and 4. (It should not be understood that we have or have not found the evidence on the other counts insufficient. We just do not reach counts 3, 5, 7 and 8.) We find as to counts 1 and 4 that there was an abundance of evidence. Further, the defendant was well represented at the trial and is well represented here by other counsel, apparently all appointed.

■ Counsel's argument that there is insufficient evidence, honestly made as it is, when tested against the record, in our view, really is one that the testimony is not ironclad or foolproof, or that the jury could logically have found the defendant innocent. But there is abundant evidence in the government's case from which the jury was entitled to find be-

1. Counts 2 and 6 were intended to cover the purchase by White and Standberry of the narcotics later resold under counts 1 and 5. 26 U.S.C. § 4704(a).

y₁nd a reasonable doubt the defendant's guilt on counts 1 and 5.[2]

Also, White and his codefendant on all counts, Dorothy Standberry,[3] took the stand. They tell a possible, but only possible, story. The gross improbability of their alibi is something that even an appellate court, restricted to vision straight ahead on the paper before it, can see. From such improbabilities of the joint story, the jury was entitled to draw some affirmative inferences.

■ Defendant also attacks the receipt in rebuttal from a government witness, Floyd Love, of testimony that he, White, had sold Love some narcotics in 1960. While testifying for himself on defense, White opened the door by saying on direct examination he had never been "involved" in narcotics and had never sold narcotics at any time in his life. On cross-examination he was asked if he knew Floyd Love and if he had ever sold Love any narcotics in 1960. To both questions his answer was no. Also, he repeated that he had never been involved in narcotics in his life.

Floyd Love was produced. He testified that he knew White. Further, he related that White had sold him some narcotics in 1961. Naturally, defendant points out "wrong year" and argues "fatal error." If the record were simply that White had been asked if he had sold some narcotics to Love in 1960 (with same answer of "no") and Love had been produced to prove that White sold him some narcotics in 1961, we would have a nice question of the validity of receiving such evidence with a discrepancy of one year for impeachment. But here the defendant chose to brag about his non-involvement for a lifetime in narcotics.

The government was entitled to meet it with testimony of a sale or sales by White to Love in 1961. Such testimony meshed with the broad statement of non-involvement at any time. We do not think it vitiated by failure of the year to be identical. The principle of Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503, applies.

■ White's last point involves the closing remarks to the jury of the assistant United States attorney prosecuting the case. He was really done with his argument, but he had to go on and say:

"Just one final comment. If it were not for the Ray Whites in this world you would not have the Dorothy Standberrys."

Counsel for defendant made no objection to the epilogue, although he had objected to other things said by the prosecutor in argument.

Unless the conduct should be terribly flagrant, we should not now reverse on unobjected-to comments.

The remarks had better been left "unremarked," but in context we do not find them inflammatory. Considering the unison of the Standberry-White testimony which the prosecutor was entitled to argue was "handmade," the remark is not too far out of line. Further, we doubt that the remark in context would influence the jury.

We do issue this caveat. From time to time we clear a remark alleged to be prejudicial. One cannot rely on collecting all such remarks in the same speech or even be sure that he has them in the same context. It is better for the lawyer to stick to the facts and leave the philosophy to the jury.

The judgment is affirmed.

2. Counts 1 and 5 charged sales by White and Standberry, codefendant, on two occasions without an executed official order form. 26 U.S.C. § 4705(a).

3. At the opening of the trial Miss Standberry entered a plea of guilty as to two counts. Then the trial proceeded against White alone. Miss Standberry testified only for the defendant and assumed all of the responsibility herself for a sale on

July 25, 1961, and another on July 26, 1961.

She insisted that she was the actor and that although White was in the vicinity of her acts, he knew nothing of her sales. White who followed her to the stand largely repeated her testimony which was at wide variance with that of the government's witnesses. As to the relationship of the two, it was only shown that they were very well acquainted.