Joseph Orby SMITH, Jr., Appellant,

v.

**Dr. R. O. SETTLE, Warden, Appellee.**

No. 16862.

United States Court of Appeals
Eighth Circuit.

April 16, 1962.

Gerhard J. Petzall, St. Louis, Mo., made argument for appellant, and was on the typewritten brief.

John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., made argument for appellee and F. Russell Millin, U. S. Atty., Kansas City, Mo., and John L. Kapnistos, Asst. U. S. Atty., were with him on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and J. SMITH HENLEY, District Judge.

PER CURIAM.

This is an appeal by Joseph Orby Smith, Jr., from the order of the District Court for the Western District of Missouri, dismissing his petition for habeas corpus wherein he alleges that he was illegally convicted and sentenced, upon the ground that the petitioner had not exhausted the remedies provided by 28 U. S.C.A. § 2255 for attacking the validity of his conviction and sentence.

Smith in 1948 was convicted of robbery of a federal reserve bank by use of a dangerous weapon in violation of 18 U. S.C.A. § 2113 by a jury in United States District Court for the Southern District of California and was sentenced to 25 years imprisonment. Upon his appeal, his conviction was affirmed. Smith v. United States, 9 Cir., 173 F.2d 181.

At the time Smith filed the petition here involved, he was serving his sentence at the Medical Center at Springfield, Missouri, within the territorial jurisdiction of the trial court. Smith has filed many petitions and motions attacking the validity of his conviction, both in the California sentencing court and the Missouri District Court. The record as to prior filings and their contents is extremely incomplete but the merits of the controversy are entitled to no consideration upon the present appeal if the trial court was justified in denying relief upon the basis that Smith had not exhausted his § 2255 remedies in the sentencing court.

■ We agree with Smith's contention that in a type of proceeding such as this where as a layman he prepared his own pleadings, he is entitled to have his pleadings broadly construed.

Smith in his brief and again in oral argument asserts that three petitions for certiorari have been filed with the Supreme Court seeking review of the af-

firmance by the Ninth Circuit of orders of the sentencing court denying various petitions and motions Smith had filed in the sentencing court for relief, at least some of which sought relief upon the basis of § 2255.[1]

The Government concedes that such petitions for writs of certiorari have been filed and all parties agree that the petitions for certiorari have not been acted upon by the Supreme Court.

In Weber v. Steele, 8 Cir., 185 F.2d 799, 800, we said:

"The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy."

Smith apparently concedes that under § 2255 he must exhaust the remedies provided by such statute before seeking habeas corpus, but he takes the position that he has in fact exhausted his remedies by filing motion for § 2255 relief, by appealing to the Court of Appeals the order denying relief and, upon affirmance by the Court of Appeals, by petitioning the Supreme Court for certiorari. The authorities cited by Smith do not support his contention and we find no cases supporting his position.

■ There would be no reasonable basis for requiring resort to the form of petitioning for certiorari without requiring the awaiting of the disposition of such petition. The filing of the petition gives the Supreme Court jurisdiction to act and only the Supreme Court can determine what disposition should be made of the petition for certiorari. We are convinced that § 2255 contemplates that no right to habeas corpus exists prior to the final termination of the § 2255 proceedings, and that the § 2255 proceedings, where timely petition for certiorari was filed, does not come to an end before the Supreme Court has acted upon the petition. Inasmuch as it appears beyond question that petitions for certiorari based upon the § 2255 proceedings for relief were pending at the time the trial court considered the petition for habeas corpus here involved, and are in fact presently pending, we are satisfied that the trial court committed no error in dismissing the petition.

■ Smith makes the further contention that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. It is true that § 2255 does contain a provision to the effect that if it appears that the remedy by § 2255 motion is inadequate or ineffective to test the legality of detention, resort may be had to habeas corpus without resorting to the § 2255 procedure. The short answer to Smith's contention is that his petition contains no allegation that § 2255 relief is inadequate or ineffective, and we find nothing in the record to support any such contention. The only supporting argument Smith makes in his brief is that the geographical separation of some 1500 miles of the prisoner and the court makes the § 2255 relief ineffective. Such argument is fully answered by United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, and the great volume of cases requiring resort to § 2255 proceedings. No showing has been made that any great hardship is involved in the transportation of the prisoner to the sentencing court in the event his presence there is reasonably required.

While defendant prepared and filed his own pleadings in this proceeding, this court upon defendant's request for coun-

---

1. Smith has provided this court with a copy of the Solicitor General's memorandum in opposition to the granting of Smith's petitions for writs of certiorari. Said memorandum indicates that the pending petitions for certiorari filed by Smith bear Nos. 223 Misc., 294 Misc. and 595 Misc. It also appears that a further petition bearing No. 426 Misc. is likewise pending.

sel appointed Gerhard J. Petzall of St. Louis, Missouri, to represent the defendant on this appeal. We wish to thank Mr. Petzall for the brief which he has filed and the oral argument which he has made on behalf of Mr. Smith and for the assistance that he has rendered to this court.

The order dismissing the petition is affirmed.