Joseph Orby SMITH, Jr., Petitioner,

v.

Dr. R. O. SETTLE, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

No. 13708-4.

United States District Court
W. D. Missouri, W. D.

Sept. 20, 1962.

Joseph Orby Smith, Jr., pro se.

F. Russell Millin, U. S. Atty., by John Harry Wiggins and John L. Kapnistos, Asst. U. S. Attys., Kansas City, Mo., for respondent.

BECKER, District Judge.

This is a petition for writ of *habeas corpus* to secure to petitioner trial or dismissal of an indictment pending in the Southern District of California. On April 4, 1962, this Court ordered respondent to show cause why the writ should not issue. An answer and response and a traverse were duly filed. Service upon petitioner of copies of the documents attached to the answer was ordered at the request of petitioner.

In 1948 petitioner was convicted in the United States District Court for the Southern District of California for the crime of robbery of a bank with the use of a dangerous weapon and sentenced to a term of twenty-five years. He was returned to the state penitentiary, San Quentin, California, to complete a state sentence from which he had been paroled at the time of the robbery. He was transferred to the United States penitentiary at Alcatraz in 1952. In October of 1956 he was certified psychotic and sent to the United States Medical Center at Springfield, Missouri. On August 16, 1961, an indictment was returned in the Southern District of California charging petitioner with knowingly causing to be delivered by the Post Office Department a threatening letter. At the time of the alleged offense, petitioner was in the Southern District of California for a hearing on a petition for a writ of *habeas corpus* attacking the validity of sentence for bank robbery.

Petitioner was arraigned September 5, 1961, on the indictment of August 16, 1961. On September 25, 1961, the United States District Court for the Southern District of California heard arguments on a motion to dismiss the indictment. On October 2, 1961, the motion was denied. Dr. Karl O. Von Hagen, M.D., was then appointed to examine the petitioner. On October 23, 1961, the court found the petitioner to be insane and unable to assist in his own defense. On October 30, 1961, the court ordered petitioner returned to the Medical Center at Springfield, Missouri.

Petitioner's present claim is for a speedy trial on the indictment pending in the Southern District of California, and, impliedly, for dismissal in case of failure to grant a speedy trial.

▌ It is true that a convict has certain constitutional rights to a speedy trial when, as in this case, the same sovereign which preferred the new charge is detaining the prisoner under a prior judgment of conviction. Fouts v. United States (C.A.6), 253 F.2d 215; United States ex rel. Coleman v. Cox (C.A.5), 47 F.2d 988; McCarty v. United States District Court (C.A.8), 19 F.2d 462; United States ex rel. Whitaker v. Hennings (C.A.9), 15 F.2d 760; Frankel v. Woodrough (C.A.8), 7 F.2d 796; Annotation, 118 A.L.R. 1037. The remedy for a failure to accord a speedy trial is dismissal of the charge. United States v. Chase (N.D.Ill.), 135 F.Supp. 230; United States v. Alagia (D.Del.), 17 F.R.D. 15. See Federal Rules of Criminal Procedure, rule 48(b).

▌ However, without passing on whether there is any merit to petitioner's claim, it appears that at the present time this Court has no practical power to grant relief to the petitioner. The release of the prisoner cannot be ordered since he is presently confined under the lawful judgment of conviction entered by the United States District Court for the Southern District of California. Neither dismissal of the indictment nor trial of the case can be ordered since the power and jurisdiction to make such orders is possessed exclusively by the trial court in ordinary circumstances. All this Court could do would be to consider whether a submissible case of mental competency to stand trial could be established, and, if so, the Court could only order petitioner sent to California

**516**

for a hearing before the committing court on his ability to stand trial. Wieter v. Settle (W.D.Mo.), 193 F.Supp. 318, l. c. 322; Pavlick v. Settle (W.D. Mo.), 203 F.Supp. 42.

 The committing court has the duty to inquire from time to time into the mental status of a person committed by it to the Medical Center until competent to stand trial. Johnson v. Settle (W.D.Mo.), 184 F.Supp. 103, l. c. 106. Therefore, this Court should refrain from exercising its jurisdiction until the petitioner has shown that he has made application to the committing court for consideration of his present mental status and that that court has unjustly refused such a consideration or that he is unable to obtain justice in the committing court for some other reason.

This case falls within the rule of Seelig v. United States (C.A.8), 310 F.2d 243:

"*  *  * [P]etitioner is in effect a ward of the District Court for the Southern District of California. There is nothing to indicate or suggest that any request has been made of that Court for further consideration of petitioner's situation or his contention that he is presently competent to stand trial. Also, the length of time that petitioner has been held is not yet such as to give rise on its face to any apparent neglect or disregard of petitioner's rights. This is not to say that circumstances may not at some time become such as prima facie to entitle petitioner to a hearing in habeas corpus. As the situation presently stands, however, without some request having been made to the District Court for the Southern District of California for a current consideration of petitioner's condition and a refusal by the Court to engage in such consideration as may be legally appropriate in relation to the circumstances, there is not sufficient basis for petitioner to seek a writ of habeas corpus from the District Court for the Western District of Missouri."

Therefore, it is

ORDERED that the petition for writ of *habeas corpus* be, and the same hereby is, dismissed without prejudice.