**Joseph Orby SMITH, Jr., Petitioner,**

v.

**Dr. R. O. SETTLE, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. No. 14042-4.**

United States District Court
W. D. Missouri, W. D.

Nov. 30, 1962.

Joseph Orby Smith, Jr., petitioner pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

This is a petition for a writ of *habeas corpus* in which the petitioner, now detained in the Medical Center for Federal Prisoners at Springfield, Missouri, seeks "release from illegal custody" and other relief.

This proceeding is an incident in a judicial odyssey by a convict on the poorly charted and apparently limitless seas of postconviction review. Those interested in what federal judges do, when not trying or deciding conventional civil and criminal cases, and motions, can profit by a review of the postconviction proceedings in the district courts, courts of appeal and Supreme Court instituted by this petitioner and determined by the courts.

PRIOR HISTORY

A partial prior history of the judicial proceedings in which petitioner has figured, obtained from the published reports and the files and records of cases in this and other courts of which judicial notice is taken, is as follows:

On May 24, 1943, petitioner was convicted of first degree burglary in California, sentenced to a term of five years to life, and committed to Folsom prison.

On December 4, 1947, an armed bandit robbed the Los Angeles Branch of the Bank of America.

In 1948 petitioner, then a state convict on parole, was tried and convicted for that crime and on May 14, 1948, sentenced to twenty-five years imprisonment. See Smith v. United States (C.A. 9), 173 F.2d 181.

Immediately after sentencing on May 14, 1948, petitioner was returned to state authorities to complete the state sentence from which he had been paroled at the time of the robbery.

On February 28, 1949, on appeal to the United States Court of Appeals for the Ninth Circuit, the judgment and sentence were affirmed. Smith v. United States, 173 F.2d 181.

In 1952, after release by the state authorities, petitioner was delivered to federal authorities and imprisoned at Alcatraz.

On June 25, 1956, petitioner filed in the United States District Court for the Southern District of California a "Motion to correct judgment and commitment." As ground for the motion to correct the judgment, petitioner alleged that his sentence should have begun to run while he was in state prison. See Smith v. United States (C.A. 9), 259 F. 2d 125.

On November 26, 1956, petitioner was transferred to the Medical Center for

Federal Prisoners at Springfield, Missouri, after the Sanity Board of Alcatraz certified him to be of unsound mind. (Parole Progress Report of April, 1961, attached to the answer to the show cause order in Smith v. Settle (W.D.Mo.) 211 F.Supp. 514.)

On March 15, 1957, petitioner filed in the United States District Court for the Southern District of California a motion to vacate the judgment and sentence for the bank robbery. As grounds for the motion to vacate, petitioner alleged that the prosecution had knowingly used perjured testimony to obtain his conviction; that his trial counsel had been incompetent; and that he himself had been insane at the time of his trial. The Court found that petitioner's mental condition prevented him from acting for himself and denied the motions of June 25, 1956, and of March 15, 1957, without a hearing. See Smith v. United States (C.A. 9), 259 F.2d 125. Petitioner appealed from this action.

On July 7, 1958, the United States Court of Appeals for the Ninth Circuit reversed the order denying the motion to vacate the judgment of conviction and sentence and remanded the cause for hearing thereon, but directed the District Court to dismiss the motion to correct the judgment and commitment because it was not the proper proceeding for relief under Title 28 U.S.C.A. § 2255. Smith v. United States (C.A. 9) 259 F.2d 125, reh. denied, 259 F.2d 127.

On March 6, 1959, on remand and hearing, the United States District Court for the Southern District of California found petitioner incompetent to understand the proceedings being held or to present his case on the motion. Beatrice Smith (petitioner's mother) was appointed guardian ad litem. See Smith v. United States (C.A. 9), 272 F.2d 228.

On July 9, 1959, the United States District Court for the Southern District of California granted a motion of the guardian ad litem to return petitioner to the Medical Center at Springfield for further treatment, and at the same time ordered petitioner's motion to vacate the judgment of conviction and sentence stricken from the files without prejudice. See Smith v. United States (C.A. 9), 272 F.2d 228.

On August 17, 1959, petitioner's guardian ad litem filed a notice of appeal from the order appointing her guardian ad litem and from the order granting her petition to return petitioner to the Medical Center.

On August 24, 1959, petitioner filed a notice of appeal from the orders of the District Court "made February 16, 1959 and July 13, 1959" (apparently referring to orders of March 6, 1959, and July 9, 1959). Petitioner also filed in the United States District Court for the Western District of Missouri a petition for a writ of habeas corpus seeking a determination that he was competent to understand the nature of the hearing ordered by the United States Court of Appeals for the Ninth Circuit in reversing Smith v. United States, 259 F.2d 125. Smith v. Settle, Civil Action No. 12501, W.D.Mo.

On September 20, 1959, the petition for writ of habeas corpus in Smith v. Settle, Civil Action No. 12501, W.D.Mo., was denied. A subsequent petition for rehearing was also denied. Petitioner filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit but withdrew the appeal upon withdrawal of the certificate of insanity by the Warden of the Medical Center at Springfield.

On November 20, 1959, the appeals to the United States Court of Appeals for the Ninth Circuit filed by the guardian ad litem on August 17, 1959, and those filed by petitioner on August 24, 1959, were denied. The appeals taken by the petitioner were denied on the ground that the orders from which they were taken did not exist. Smith v. United States (C.A. 9) 272 F.2d 228. Petition for rehearing was denied by the Court of Appeals. Petition for certiorari to the Court of Appeals for the Ninth Circuit was denied by the Supreme Court of the United States. Smith v. United States, 362 U.S. 954, 80 S.Ct. 868, 4 L.Ed.2d 871. Petition for rehearing of the order denying the petition for certiorari was denied. 362 U.S. 992, 80 S.Ct. 1080, 4 L.Ed.2d 1024.

On December 14, 1959, petitioner filed in the United States District Court for the Western District of Missouri a petition for a writ of habeas corpus raising the same grounds that were raised in

the motion to vacate filed in the Southern District of California on March 15, 1957, and claiming that petitioner's right to have a hearing on his motion to vacate had been wrongfully frustrated by the United States District Court for the Southern District of California. An order to show cause was issued and a response filed. Misc. File W.D.Mo.

On January 6, 1960, the United States District Court for the Western District of Missouri dismissed without a hearing the petition for writ of *habeas corpus* of December 14, 1959, stating that it had found from the record that the United States District Court for the Southern District of California had stricken from the files without prejudice the motion to vacate because of petitioner's incompetency at that time, and that therefore, by refiling that motion, petitioner had an available remedy in the committing Court. Misc. File W.D.Mo.

On February 3, 1960, a Special Progress Report on Petitioner was made at the Medical Center. The report indicated that petitioner should be decertified from psychotic status. (Parole Progress Report of April, 1961, attached to the answer to the show cause order in Smith v. Settle (W.D.Mo.), 211 F.Supp. 514.)

On February 24, 1960, the United States District Court for the Western District of Missouri dismissed a petition for a writ of *habeas corpus* seeking service of a show cause order upon the United States, directing it to explain why the sentencing Court had not replied to a motion pursuant to Title 28 U.S.C.A. § 2255. The basis of the dismissal was failure to allege facts authorizing exercise of jurisdiction. Misc. File W.D.Mo.

On March 2, 1960, Beatrice Smith as guardian *ad litem* filed in the United States District Court for the Southern District of California a new proceeding under Title 28 U.S.C.A. § 2255 which was given case No. 233–60–PH. See Smith v. United States (S.D.Cal.) No. 1310–60–PH, April 13, 1961.

On March 4, 1960, petitioner filed in the United States District Court for the Western District of Missouri a "Motion for Declaratory Judgment" seeking a declaration that "the trial court has had sufficient time to reply and arrange for the removal to the jurisdiction of the trial court the cause pursuant to 28 U.S. C., Section 2255." Misc. File W.D.Mo.

On March 5, 1960, this Court filed a memorandum on the "Motion for Declaratory Judgment," stating that it had no jurisdiction of the subject matter. Misc. File W.D.Mo.

On March 17, 1960, petitioner filed in the United States District Court for the Western District of Missouri a petition for a writ of *habeas corpus* seeking to enjoin the Warden of the Medical Center at Springfield from transferring him to a "penitentiary type institution" until the United States District Court for the Southern District of California had adjudicated him to be competent to understand the nature of the hearing on the motion to vacate. He further requested an order upon respondent to show cause why the United States District Court for the Southern District of California and the guardian *ad litem* had not been notified of his competency to understand the proceedings. This petition was amended to pray for a hearing and a determination that petitioner was insane at the time of his trial and conviction, and for the setting aside of the original judgment and conviction of bank robbery. An order to show cause was issued and a response filed. Smith v. Settle, Civil Action No. 12744, W.D.Mo.

Under date of March 21, 1960, petitioner filed in the United States District Court for the Western District of Missouri a motion for leave to file an action under Title 28 U.S.C.A. § 1343. On March 28, 1960, this Court denied this motion upon the ground that the Court did not have jurisdiction over petitioner's motion to file a civil action against the United States for violation of his civil rights. Misc. File, W.D.Mo.

On May 4, 1960, the United States District Court for the Western District of Missouri denied, without a hearing, petitioner's petition for a writ of *habeas corpus* filed March 17, 1960, because petitioner was then in legal custody of the respondent, and because the Court could do nothing about the original conviction in view of petitioner's failure to exhaust his remedy of a motion to vacate in the sentencing Court. Smith v. Settle, Civil Action No. 12744, W.D.Mo.

On August 23, 1960, after another competency hearing on August 8, 1960, the United States District Court for the Southern District of California found petitioner to be competent, able to understand the proceedings, and able to assist counsel in his defense, and struck the motion of Beatrice Smith as guardian *ad litem* in Case No. 233–60–PH "as well as the in personam motion which Smith had filed himself." See Smith v. United States (S.D.Cal.) No. 1310–60–PH, April 13, 1961.

On November 18, 1960, petitioner filed in the United States District Court for the Southern District of California another motion to vacate his original sentence. The averments of his original motion to vacate (filed March 15, 1957, and previously dismissed without prejudice) were repeated. In addition petitioner asserted that he had not been furnished with a list of the witnesses to be produced at the trial; that the F.B.I. agents were improperly friendly with the principal identification witness; that he was deprived of effective representation by counsel because his counsel was appointed only 15 days before date of trial. Petitioner attempted without success to withdraw this motion. On January 17, 1961, a full hearing was held on this petition in the United States District Court for the Southern District of California. It developed during the hearing that petitioner had also filed, while an inmate at the Medical Center, an application for a writ of prohibition from the United States Court of Appeals for the Ninth Circuit to prevent hearing on his last filed petition pursuant to Title 28 U.S.C.A. § 2255. Leave to file this petition was denied by the Appellate Court. See Smith v. United States (S.D.Cal.) No. 1310–60–PH, April 13, 1961.[1] The District Court then made findings of fact and conclusions of law holding that petitioner was competent when tried on the bank robbery charge and was lawfully convicted for that crime. The motion to vacate was denied. Smith v. United States (S.D.Cal.) No. 1310–60–PH, April 13, 1961. The denial was appealed to the Court of Appeals in *forma pauperis.* The appeal was dismissed as frivolous. (Apparently unreported; see statement in Brief of Appellee, Smith v. Settle (C.A.8), 302 F.2d 142.)

On February 27, 1961, petitioner filed in the United States District Court for the Western District of Missouri a petition for a writ of *habeas corpus* seeking to set aside his original conviction because of newly discovered evidence (an alleged confession by another convict just before his execution) allegedly proving the innocence of the petitioner. Smith v. Settle, Civil Action No. 13201, W.D.Mo.

On March 2, 1961, the United States District Court for the Western District of Missouri denied without a hearing the petition for writ of *habeas corpus* filed February 27, 1961, because the matters should have been raised by motion to vacate in the committing Court. A "Motion for a Competency Examination" filed in the same proceeding was denied on March 8, 1961, because the matter should have been raised in the committing Court. A petition for rehearing was filed and was denied on April 17, 1961. Leave to file an appeal in *forma pauperis* and a request for appointment of counsel were

---

1. Subsequently the petitioner moved to "vacate the civil proceedings" in Case No. 1310–60–PH, decided April 13, 1961, charging that the Court and the United States Attorney concealed material evidence during and after the hearings on the motion to vacate the judgment and sentence denied by the District Court on April 13, 1961. The verified motion stated that the Court and United States Attorney were aware that one Scott had confessed his guilt of the offense for which the petitioner "was incarcerated in September of 1960." This alleged concealment was charged to be a violation of Rule 60(b)(3) of the Federal Rules of Civil Procedure and of the Fifth and Eighth Amendments to the Constitution of the United States.

In dismissing this motion on August 22, 1961, the United States District Court for the Southern District of California found:

"All the matters contained in said motion were before the court, considered, and findings of fact, conclusions of law and judgment entered April 13, 1961.

"The case was appealed and the court of appeals by order entered in case No. 17,392, dismissed the appeal as frivolous, on June 1, 1961.

"On an application before the Court of Appeals for Writ of Habeas Corpus, the Court by order wherein the matters alleged herein were considered and acted upon adversely to the plaintiff on May 1, 1961, denied the Petition."

Smith v. United States (S.D.Cal.) No. 1310–60–PH, August 22, 1961.

denied as frivolous and without merit on May 2, 1961. Smith v. Settle, Civil Action No. 13201, W.D.Mo.

On June 16, 1961, petitioner filed in the United States District Court for the Western District of Missouri a petition for a writ of *habeas corpus*. This petition was denied without a hearing on June 27, 1961. The Court held that the petitioner had stated no new question and that the petitioner had not yet exhausted his remedy in the committing Court. Petitioner filed a petition for rehearing which was denied on June 30, 1961, because petitioner had not exhausted his remedy in the committing Court by seeking *certiorari* in the Supreme Court of the United States to review the judgment of the United States Court of Appeals for the Ninth Circuit directing dismissal of the motion filed June 25, 1956, reported in Smith v. United States, 259 F.2d 125. The orders of June 27, 1961, and June 30, 1961, were set aside by an order dated July 7, 1961, because the Court wished to clarify the record for a possible appeal from its action. The new order dismissed both the original petition and the petition for rehearing on the same grounds as before. An order overruling a subsequent petition for rehearing was made on July 24, 1961. From this order petitioner appealed. Smith v. Settle, Civil Action No. 13360, W.D.Mo. Counsel was appointed to prosecute this appeal. See Smith v. Settle (C.A.8), 302 F.2d 142.

On July 22, 1961, petitioner filed in the United States District Court for the Southern District of California a motion to vacate sentence alleging that his attorney had concealed evidence and had withdrawn from the case without protecting petitioner's rights. This petition and a request for appointment of counsel were denied by the District Court. From the order of denial, an appeal was taken, and the United States Court of Appeals for the Ninth Circuit affirmed. (Apparently unreported; see statement in Brief of Appellee, Smith v. Settle, (C.A.8), 302 F.2d 142.)

On August 17, 1961, petitioner filed in the United States District Court for the Western District of Missouri a petition for a writ of *habeas corpus*. This Court denied the petition without a hearing on August 11, 1961, because the petition raised no new questions "not incorporated in one fashion or another in the series of applications which have been considered by all the judges of this Court at one time or another." Smith v. Settle, Civil Action No. 13430, W.D.Mo.

On August 16, 1961, petitioner was indicted by a Federal Grand Jury in the Southern District of California for mailing a threatening letter to a Government witness immediately following a hearing afforded him on January 20, 1961, in the United States District Court for the Southern District of California. A motion to dismiss the indictment was filed. After hearing arguments the Court denied the motion. The Court appointed a psychiatrist to examine petitioner, and, on October 23, 1961, petitioner was found to be insane and unable to assist in his own defense. On October 30, 1961, the Court ordered petitioner returned to the Medical Center at Springfield. United States v. Smith (S.D.Cal.) No. 30025–CD, November 6, 1961; and see untraversed averment of the answer to show cause order in Smith v. Settle (W.D.Mo.), 211 F. Supp. 514.)

On October 8, 1961, the Supreme Court of the United States denied petitioner's motion for leave to file a petition for writ of *habeas corpus*. Smith v. Settle, 368 U.S. 807, 82 S.Ct. 118, 7 L.Ed.2d 68.

On December 8, 1961, petitioner filed in the United States District Court for the Western District of Missouri another petition for writ of *habeas corpus* alleging that he was fraudulently indicted for mailing a threatening letter and that he was entitled to a speedy trial on the indictment for mailing a threatening letter returned in California on August 16, 1961. The petition was denied on January 10, 1962, because petitioner had failed to allege that he was then competent to stand trial and because he had been committed under Title 18 U.S.C.A. § 4246 for only six months. Therefore the petition was deemed premature. Smith v. Settle, Civil Action No. 13594, W.D.Mo.

On February 1, 1962, petitioner filed in the United States District Court for the Western District of Missouri still another petition for writ of *habeas corpus*, requesting trial on the pending indictment of August 16, 1961. This petition was

denied on September 18, 1962. Smith v. Settle (W.D.Mo.), 211 F.Supp. 514. Petition for rehearing was denied October 1, 1962.

On April 16, 1962, the appeal from Smith v. Settle (W.D.Mo.) Civil Action No. 13360, was determined and the order of dismissal affirmed. Smith v. Settle (C.A.8), 302 F.2d 142.

On June 18, 1962, the Supreme Court of the United States denied three petitions for writ of *certiorari* to the United States Court of Appeals for the Ninth Circuit. Smith v. United States, 370 U.S. 925, 82 S.Ct. 1567, 8 L.Ed.2d 505; In Re Smith, 370 U.S. 926, 82 S.Ct. 1564, 8 L.Ed.2d 505; and Smith v. Settle, 370 U.S. 926, 82 S.Ct. 1567, 8 L.Ed.2d 506.

On September 10, 1962, petitioner presented the motions presently under consideration. They are a "Motion to File and Proceed in Forma Pauperis for the Issuance of the Writ of Habeas Corpus" and a motion for appointment of counsel.

On October 3, 1962, a petition seeking leave to file and proceed in *forma pauperis* in the prosecution of a "Motion for Rule Nisi," requesting issuance of a "Rule Nisi" directing the United States District Court for the Western District of Missouri to "comply with the concepts of Title 28—sections 2241–2248 and to further look into the matter of suppression of material documents and evidence by respondents in opposition," was denied by the United States Court of Appeals for the Eighth Circuit. Smith v. Settle (C.A.8) Misc. No. 180, October 3, 1962.

On October 31, 1962, this Court ordered a request for relief filed as a petition for *habeas corpus* and issued an order to show cause thereon. That petition renews the prayer of the petition of February 1, 1962, seeking a speedy trial on the indictment of August 16, 1961, charging the petitioner with mailing a threatening letter to a witness, which is pending in the United States District Court for the Southern District of California. Petitioner there asserts that he has now exhausted his remedies in the committing Court. That petition is pending awaiting response to the order to show cause.[2]

## THE GENERAL PROBLEM

Unless some procedure is devised to prevent prolonged and repeated piecemeal litigation of a convict's postconviction complaints, the burden of these postconviction proceedings may become intolerable in districts where penal and medical detention institutions are located, as well as in the districts in which the convictions occur. See order of the Honorable Peirson M. Hall in Smith v. United States (S.D.Cal.) No. 1310–60–PH, April 13, 1961; Lipscomb v. United States (C.A.8), 1962, 308 F.2d 420.

The pendency of endless postconviction complaints tends to suspend consideration of executive clemency and parole procedures, and by their very mass tend to obscure the petitions having merit.

If, as has been suggested, in some cases the right to file these petitions can be justified as having therapeutic value in retarding or preventing mental deterioration of the prisoner by providing an illusory hope of release, the government should, perhaps, provide a special agency to consider them since only real, justiciable controversies should be heard by the Courts of the United States.

2. On December 6, 1962, this Court ordered that, unless on or before December 21, 1962, proof was filed in this Court that the indictment returned against the petitioner on August 16, 1961, in the United States District Court for the Southern District of California, had been dismissed or otherwise disposed of according to law, petitioner be delivered by the Marshal to the Southern District of California for a determination of his competency to stand trial on that indictment.

On January 14, 1963, after receiving a certified copy of the dismissal of the indictment of August 16, 1961, pending in the United States District Court for the Southern District of California, this Court entered an order dismissing the petition for writ of *habeas corpus* as moot and relieving the United States Marshal from any obligation to deliver the petitioner to the Southern District of California.

At the very least procedures should be devised for a prompt, all-inclusive review of convictions if there is to be no real presumption of guilt after conviction and affirmance on direct, original appellate procedures. See Goodman, Use and Abuse of the Writ of Habeas Corpus, D. C., 7 F.R.D. 313.

### THE CASE AT BAR

By the petition for a writ of *habeas corpus* under consideration in this case, petitioner seeks a determination that the United States illegally obtained custody of him in 1952, or, in the alternative, that his present sentence should be computed from 1948.

This is the same question that was raised in the petition of June 25, 1956, filed by petitioner in the United States District Court for the Southern District of California. That petition was ordered dismissed by the United States Court of Appeals for the Ninth Circuit in Smith v. United States, 259 F.2d 125, l. c. 127, in the following language:

"The Petition of June 25, 1956.

"Counsel assume that this petition also is one filed pursuant to the provisions of § 2255. It alleges that petitioner is confined at Alcatraz Prison serving the sentence imposed upon him in the court below. He was sentenced on May 14, 1948 to a term of 25 years. Petitioner seeks to have an adjudication that his sentence commenced on May 14, 1948. At the time he was tried and sentenced petitioner was serving a sentence of a California court in a California penitentiary, his sentence being from 5 years to life. He asserts that the Government claims that his 25 year sentence did not begin to run while he was in the California prison; but he says that the legal effect of the imposition of the 25 year sentence without designating that it was to commence at a later time, or at the termination of service of the state sentence, was that it would begin when the sentence was imposed,

and would run concurrently with the prior sentence notwithstanding that prior sentence was that of another court. He relies upon Zerbst v. Lyman, 5 Cir., 255 F. 609, Aderhold v. McCarthy, 65 F.2d 452, White v. Kwiatkowski, 10 Cir., 60 F.2d 264, and also upon the case of Ex parte Lawson, 98 Tex.Cr.R. 544, 266 S.W. 1101, in which, he asserts, the state court recognized the same rule with respect to a state sentence upon one already serving a federal sentence.

"We are of the opinion that this proceeding under § 2255 is not a proper one to afford the appellant relief. Even if petitioner were granted the declaration of rights which he seeks in this petition it would not result in his release as in any event his sentence has a long time to run. Accordingly, under the rule announced by this court in Williams v. United States, 9 Cir., 236 F.2d 894, 897, Hoffman v. United States, 9 Cir., 244 F.2d 378, 380, and Toliver v. United States, 9 Cir., 249 F.2d 804, 805, we hold that the trial court was without jurisdiction to determine the questions sought to be presented by the 1956 petition. Whether in another proceeding the petitioner could presently raise the question sought to be presented by his petition, (see United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248), we have no occasion to discuss at this time. The proceedings based upon the 1956 petition are remanded to the district court with directions to dismiss the petition."

On rehearing Smith v. United States, 259 F.2d 125, l. c. 127–128, the original ruling was supplemented with the following language:

"Per Curiam.

" * * * we rejected the appellant's appeal from a denial of another petition which was referred to as the petition of June 25, 1956. We rejected that appeal on the authority of Williams v. United States, 9 Cir., 236

F.2d 894, and other cases cited, saying that deeming that petition as having been filed under § 2255 we regarded it as not a proper remedy to afford the appellant the relief which he sought.

"Upon this petition for rehearing appellant urges that we should have ordered a hearing in the court below upon this petition of June 25, 1956, in which appellant sought to have an adjudication that the sentence which was imposed upon him following his conviction should have been treated as one running concurrently with a sentence he was serving in a California penitentiary, and that its commencement should not be deemed to be delayed until after he had been released from the California prison.

"Petitioner asserts that we improperly labeled this petition of June 25, 1956 as one filed pursuant to § 2255, and that we should have treated it as one seeking relief under the principle of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and that the appellant should have the relief sought in that petition because granting it would hasten the date when he would be entitled to consideration for a parole.

"It is obvious that if the appellant is successful upon a further hearing in the court below in establishing his claims as stated in his petition of March 15, 1957, his other petition will become moot since the whole conviction would fall to the ground. We do not hold that petitioner may not under proper circumstances simultaneously sue for inconsistent relief as appellant has undertaken to do here, but it would appear to be a waste of judicial time to require the court below simultaneously to try the question whether the appellant's conviction should be set aside in its entirety and whether on the hypothesis that it should not be set aside the sentence ought to be determined to be one running concurrently with a state court sentence. Nothing which we have heretofore decided can operate to prevent the appellant from having adjudicated at an appropriate time the question of when his sentence began or when he will be entitled to parole. For this reason we find no grounds for granting the petition for rehearing."

■ Whether under Morgan v. United States, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248, the sentencing Court can now grant declaratory relief or corrective relief by writ of error *coram nobis* or other procedure need not be determined because this Court cannot correct the records of the sentencing Court if they are in error.

■ At an appropriate time when petitioner has served the sentence of 25 years upon his theory that the sentence commenced in 1948 or has become entitled to release under the sentence, the sentencing or other Court having jurisdiction at the time may determine the question of the time the sentence commenced on a petition of *habeas corpus* or other appropriate proceeding praying for release.

Since the time has not arrived for release of petitioner, if his claims are correct, this petition must be denied without prejudice to the filing of a new petition at an appropriate time. McNally v. Hill, 293 U.S. 131, l. c. 138, 55 S.Ct. 24, 79 L.Ed. 238. Therefore it is

ORDERED that the petitioner be, and he is hereby, granted leave to file this petition in *forma pauperis*. It is further

ORDERED that the petition for a writ of *habeas corpus* be, and the same is hereby, denied without prejudice. It is further

ORDERED that petitioner's motion for appointment of counsel be, and it is hereby denied.