Gerald M. CRISMOND, Jr., Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Lewisburg, Pennsylvania.

No. 14786.

United States Court of Appeals Third Circuit.

Submitted May 8, 1964.

Decided June 17, 1964.

Gerald M. Crismond, Jr., pro se.

Bernard J. Brown, U. S. Atty., Lewisburg, Pa. (Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and GANEY, Circuit Judges.

GANEY, Circuit Judge.

This is an appeal from an order of the United States District Court for the Middle District of Pennsylvania denying appellant's petition for writ of habeas corpus in which he claims that his present imprisonment, being served pursuant to a sentence imposed upon him by the United States District Court for the Northern District of California, "constitutes cruel and unusual punishment, being greater than and extending beyond the statutory maximum penalty provided by law."

Appellant was indicted for having transported in interstate commerce a stolen motor vehicle in violation of 18 U.S.C.A. § 2312.[1] On October 6, he, without counsel, appeared in the United States District Court for the Northern District of California, the district where he was indicted. After having been advised of his right to counsel, he waived that right and pleaded guilty to the charge in the indictment. The Judgment and Commitment made the same day, states in part:

"It is adjudged that the defendant is guilty as charged and convicted.

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for treatment and supervision pursuant to the provisions of Title 18 U.S.C., Section 5010(b), Youth Correction Act."[2]

He did not seek an appeal from this sentence.

On October 12, 1958, he was committed to the El Reno Reformatory to commence service of his sentence. In April of 1960 he was transferred to the United States Penitentiary at Lewisburg, Pennsylvania. He was released conditionally on May 16, 1962, under the provisions of 18 U.S.C.A. § 5017(c), but was returned to custody on November 29, 1962, as a violator of the conditions of his release.[3] While in custody at the peni-

---

1. This section provides: "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. This section provides: "(b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017 of this chapter; or"

Section 5017(c) provides: "(c) A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

3. Section 5020 of Title 18 U.S.C.A. states: "If, at anytime before the unconditional discharge of a committed youth offender, the Division is of the opinion that such youth offender will be benefited by further treatment in an institution or other facility any member of the Division may direct his return to custody or if necessary may issue a warrant for the apprehension and return to custody of such youth offender * * *. Upon return to

tentiary at Lewisburg, he filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. That court denied the petition for the reason that his remedy was the filing of a motion in the sentencing court. On October 15, 1963, he filed, in the United States District Court of California at Sacramento, a motion to vacate the sentence and to grant him his immediate and unconditional release on the ground that he was being held in custody for a period in excess of the legal maximum provided in 18 U.S.C. § 2312. In part, his motion states:

"At the time of his sentencing on October 6, 1958, your petitioner was subject to a maximum sentence of five years. Under existing statutes and provisions, under which he should have been sentenced, your petitioner is entitled to 480 statutory 'good days', i. e., this time should have been deducted from his sentence, and he should have been called upon to serve a total of forty-four (44) months.

"At the present time he has served fifty-one (51) months in prison. This is seven (7) months in excess of the maximum provided by law. Therefore, your petitioner prays that this Honorable Body will vacate this sentence and release your petitioner unconditionally from custody with no additional supervision by the U. S. Government."

On November 1, 1963, the court granted his motion to vacate its sentence of October 6, 1958, and, on November 18, he being present with court-appointed counsel, the court resentenced him to imprisonment for a period of four years. Three days later he was recommitted to the United States Penitentiary at Lewisburg to commence service of the four-year sentence.

On December 6, 1963, he filed a second petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. On the same day that court denied his petition for the reason that it presented "nothing more than an attack on the validity of the new sentence, as to which his remedy in the sentencing court is adequate."

On December 23, 1963, he filed in the sentencing court a paper entitled "Notice of Appeal" from the action of that court to the United States Court of Appeals for the Ninth Circuit. By letter dated January 13, 1964, he inquired of the Clerk of the Court of Appeals of the Ninth Circuit when his appeal would be heard.

On January 16, 1964, he filed in the United States District Court for the Middle District of Pennsylvania a notice of appeal accompanied by a request to proceed in forma pauperis. The request was denied.

On February 4, he filed in the Court of Appeals for the Ninth Circuit a petition, to serve as a record on appeal, for vacation of sentence and request for immediate unconditional release.[4] On February 11, he filed a petition in the same court for leave to appeal in forma pauperis.

On February 20, this court granted him leave to prosecute his appeal in this court from the denial of his petition for habeas corpus without prepayment of costs on giving security therefore.

On February 24, the Court of Appeals for the Ninth Circuit denied his request to proceed in forma pauperis as being premature since he did not first apply to the district court for such leave.

In the habeas corpus proceeding, appellant claimed the right to be unconditionally released upon the ground that the original sentence permitted the authorities to detain him in excess of the

---

custody, such youth offender shall be given an opportunity to appear before the Division or a member thereof. The Division may then or at its discretion revoke the order of conditional release."

4. The petition was accompanied by a letter, dated January 28, 1964, in which he asked leave to proceed in forma pauperis.

five-year maximum authorized by § 2312 of the Criminal Code. He therefore argues that since he has served more than that maximum, the sentencing court was without authority to impose a second sentence requiring him to serve additional time. Was the district court correct in refusing to entertain appellant's petition for habeas corpus? We think it was.

The last paragraph of 28 U.S.C. § 2255 provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief,* unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Italics ours.) A motion to test the legality of a sentence and to seek the unconditional release of a person being detained as the result of a federal conviction, as here, is properly made to the sentencing court. Andrews v. United States, 373 U.S. 334, 338, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). Therefore, he was authorized to file a motion collaterally attacking his sentence and he filed such a motion, and the sentencing court denied him the relief he requested. It would seem, upon a reading of the last paragraph of § 2255, that the district court had the authority to entertain appellant's application for a writ of habeas corpus. However, the denial of a motion under § 2255 by the sentencing court is subject to being appealed to an appropriate federal court of appeals.[5] An action under § 2255 is a separate proceeding and the Criminal Appeals Act has no applicability to such a proceeding. Andrews v. United States, supra, 373 U.S., at 338, 83 S.Ct. 1236.

"The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus." Weber v. Steele, 185 F.2d 799, 800 (C.A.8, 1950). Also see Marchese v. United States, 304 F.2d 154 (C.A.9, 1962); Smith v. Settle, 214 F.Supp. 779 (D.C.W.D.Mo.1963), aff'd 8 Cir., 302 F.2d 142. Where he files a petition for writ of certiorari in the Supreme Court, he must await the final outcome. Smith v. Settle, 302 F.2d 142 (C.A.8, 1962). Appellant has made an attempt to appeal to the Court of Appeals for the Ninth Circuit from the order of the sentencing court. In the absence of a showing that the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention", or that unusual circumstances are present which would excuse him from pursuing his appeal in the Court of Appeals for the Ninth Circuit, we think appellant should be required to prosecute his appeal in that court before seeking aid in another court. The mere distance of over 2,000 miles between Lewisburg, Pennsylvania, and Sacramento, California, and the fact that the sentencing court had denied relief does not make the remedy by motion inadequate.[6] Black v. United States, 301 F.2d 418 (C.A.10, 1962), cert. den. 370 U.S. 932, 82 S.Ct. 1618, 8 L.Ed.2d 832; Smith v. Settle, supra, 302 F.2d 142; Sanchez v. Taylor, 302 F.2d 725 (C.A.10, 1962); Revazquez v. Heritage, 319 F.2d 818 (C.A. 5, 1963); Williams v. United States, 323 F.2d 672 (C.A.10, 1963). The record does not reveal the existence of any unusual circumstances. Consequently, if the appellant desires to pursue the matter further, he should follow the instruc-

---

5. The sixth or next to the last paragraph of § 2255 states: "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

6. The same holds true where leave to appeal in forma pauperis is denied. Moore v. Taylor, 289 F.2d 450 (C.A.10, 1961), cert. den. 368 U.S. 853, 82 S.Ct. 90, 7 L. Ed.2d 51.

tions given him by the Court of Appeals for the Ninth Circuit by asking leave of the sentencing court in Sacramento for leave to appeal in forma pauperis.

The order of the District Court will be affirmed.