Joseph Orby SMITH, Petitioner,

v.

Dr. Jesse D. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 14270-4.

United States District Court
W. D. Missouri, W. D.

Dec. 31, 1964.

As Amended Jan. 20, 1965.

O. J. Taylor, of Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., Charles Hamel, Los Angeles, Cal., for petitioner.

John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

This is the latest memorandum opinion and order upon an apparently innumerable and unending series of harassing and sometimes irrational post conviction proceedings by petitioner. See a partial history of these in Smith v. Settle (W.D.Mo.) 212 F.Supp. 622. [When asked at an evidentiary hearing how many prior proceedings this opinion omitted petitioner replied. "Oh, a garbage bucketful. I'm telling you." (Tr. 107.] See also Smith v. Settle (W.D. Mo.) 211 F.Supp. 514, which resulted in dismissal of the charge against petitioner of mailing a threatening letter. At the evidentiary hearing, petitioner produced a memorandum, dated January 19, 1961, (P. Ex. 2) purporting to be a summary of prior proceedings in the District Court, Southern District of California, Central Division, which supplements the history of these proceedings. A copy thereof is filed in this cause.

Numerous collateral complaints and petitions seeking relief have been filed by petitioner. See e. g., Smith v. Becker, District Judge (C.A.8) Misc. Nos. 180, 275 and 312.

Despite the sometimes irrational and unusually harassing nature of petitioner's complaints, an earnest effort has been made to analyze and process all of petitioner's pending and potential complaints in accordance with the suggestions of Judge James M. Carter in connection with Cortez v. United States, D.C., 32 F.R.D. 391, affirmed (C.A.9) 337 F.2d 699, which suggestions were later repeated in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

In the processing of these complaints the following things, among others, have been done. (1) Extensive research into the history of this case has been conducted; (2) an attorney, one of the most experienced and skilled in criminal law of the Springfield, Missouri, Bar, former assistant United States Attorney, O. J. Taylor, Esquire, has been appointed as counsel for petitioner; (3) all motions, letters, petitions and complaints of petitioner have been assembled, consolidated and analyzed; (4) an order to show cause why his petitions and motions should not be granted has been issued; (5) at the request of this Court, counsel to assist petitioner in California, Charles Hamel, Esquire, of Los Angeles, has been appointed by the Chief Judge of the Southern District of California; (6) after inquiry into the then current competency of the petitioner to testify and assist counsel, an evidentiary hearing was commenced; (7) prior to this hearing the Cortez procedure was employed under the direction of the Court to draw out all pending and potential litigable issues, and to define the legal issues (Tr. 3, 4); (8) a supplemental order to show cause was issued prior to beginning the hearing to include additional complaints, made by petitioner without advice or assistance of counsel; (9) an order was issued for a hearing on petitioner's complaints including those which his counsel did not consider relevant (Tr. 4), which order is in the record (Tr. 4-7), and attached hereto in the appendix; (10) habeas corpus was employed to produce petitioner at the hear-

ing; (11) petitioner testified fully at the hearing; (12) the hearing was not concluded because of the request of petitioner for the production of copies of the confession of Scott and of reports of the agents of the Federal Bureau of Investigation concerning the veracity and authenticity of the confession of Scott; (13) an order for production of these documents was entered, directing that petitioner's counsel "be allowed to inspect, copy or reproduce said documents and records as he may desire;" (14) these documents were produced by respondent and inspected by petitioner's counsel; (15) meanwhile the petitioner ignored his counsel, attempted to discharge him, made unfounded malicious charges against his counsel, the Court, and others as shown by the file in this and other cases mentioned above; (16) an order was issued finding petitioner's representation to be adequate and directing that no further correspondence concerning this action from petitioner to this Court be forwarded without approval of his counsel.

Since that time petitioner's total lack of cooperation and interference with his counsel's efforts in his behalf have made it impossible for his counsel to continue to represent him.

From personal observation and from the record in this case, it is found that while petitioner has short periods of remission, he lacks the mental competency to properly understand the proceedings involving his post conviction complaints and lacks the mental competency to assist in the presentation of those complaints. His personal conduct in these proceedings would constitute an abuse of legal remedies justifying a denial of his requests for relief, in the absence of this mental incompetency.

 Since it is now established by Sanders v. United States, supra, that there is no finality to an adverse ruling on a motion to vacate under Section 2255, petitioner has complaints based on the alleged Scott confession, the alleged suppression thereof, the alleged causing of the execution of Scott and the alleged inadequate representation by Court appointed counsel in 1960 (Mr. Harpole), which have never been adjudicated upon evidentiary hearing by the committing Court, if in fact ever presented to that Court. There is nothing to indicate that there has been any neglect or disregard of petitioner's rights by that Court, or that the law as declared in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 will not be applied by the committing Court. Therefore these complaints should be submitted to the committing Court before being made the subject of a petition for habeas corpus in this Court. Seelig v. United States (C.A. 8) 310 F.2d 243. If the decision there is adverse to petitioner the remedy is by appeal from that decision rather than return to this Court for a petition for writ of habeas corpus.

 It is also suggested that in view of petitioner's mental condition, consideration be given to appointing a next friend or a guardian *ad litem* to prosecute his motion under Section 2255, a procedure which has been successfully employed in this district to enable the Courts to process a post conviction complaint of one who is incompetent.

Petitioner asserts that he is not psychotic. Whether he is psychotic or not, it is now evident that he lacks the mental competency to assist counsel in presenting a post conviction complaint, and the mental competency consistently to understand the nature of the proceedings in his behalf. To illuminate the problem, a copy of a letter of the respondent dated June 26, 1964, is quoted here.

"June 26, 1964
"Hon. William H. Becker
U. S. District Judge
Western District of Missouri
Kansas City, Missouri—64106
"Re: Joseph Orby Smith
Reg. No. 11069–H
Civil Action #14270–4
"My dear Judge Becker:
"In response to your letter of June 22, 1964, I have discussed the current status of the above-named in-

dividual with his ward psychiatrist and the Chief of the Psychiatric Service. I am advised by them that he has continued with the progress noted previously. He does not have, at this time, any evidence of hallucinations or delusions nor is there any evidence of psychosis although he obviously continues to show some evidence of his schizophrenic process. He continues to be alert, oriented and has goal directed thoughts. His speech is coherent, and the content is relevant to his situation. He is currently living on one of our most open psychiatric wards and is earning from average to above average work reports working in the inmate library.

"I would like to quote for you from a summary by his Psychiatric Caseworker which was part of an Annual Parole Review for January of this year. 'In summary, this patient continues evidence of mental illness although it is the Psychiatric opinion that he is not currently psychotic. Many of his reactions and beliefs are detrimental to him, e. g., he has low toleration to stress, a tendency towards use of poor judgment, and difficulty in following suggestions and advice from personnel and his Attorney. When confronted with the reality that many of his actions are inappropriate and detrimental, he concurs, but alleges that he does not have adequate internal control over some of his activities.' We consider that this situation remains unchanged and is evidence of his schizophrenic process which at this time is not of sufficient severity for us to consider him to be actually psychotic.

"We hope that this information will prove helpful to you in deciding future action in this case.

Respectfully,
/s/ Jesse D. Harris
Warden & Chief Medical
Officer"

No finding is made on the basis of this letter. Personal observation and the record of this cause provide the basis for the finding of incompetency above.

Since all other complaints have been fairly adjudicated or are without merit, it is therefore

ORDERED that all of petitioner's petitions and complaints herein be, and they are hereby, dismissed with prejudice except complaints based upon the alleged Scott confession, the alleged suppression thereof, the alleged causing of the execution of Scott by California, and the alleged inadequate representation by Court appointed counsel in 1960. See Issues of Fact in Appendix for detail of claims of petitioner.

### APPENDIX

"THE COURT: * * * The case we will hear today is 14270-4.

"There was some disagreement between the petitioner and his counsel as to what issues and claims were to be presented. I had requested the United States attorney and appointed counsel for the petitioner to attempt to stipulate what the issues were to be heard. I received a message from the prisoner that he disagreed with the proposed action of his counsel. And, in order that all of the claims be presented I issued an order which was filed November 1st, which is dated October 31, 1963, in which I added to the issues of law and fact which counsel had considered to be for hearing today, a paragraph stating that all of the petitioner's complaints would be presented in these proceedings, even though some of them were not considered relevant by counsel. Therefore, in this hearing, we will be governed by this order which I issued on October 31st, which was filed November 1st, which permits the petitioner to make any additional complaints he desires to make, in addition to those which counsel conceive to be involved in this case. Therefore, there will be no restriction on the prisoner's assertion of complaints, and his counsel's

views will not be considered exclusive. Mr. Smith may present at this hearing, and any adjourned hearing we have as a result of this matter, any material which he believes is necessarily involved in his claims or desirable for presentation in view of his claims and which his counsel does not agree with.

"I might read this order, so that we will know what we are going to do here today, and in the days afterwards, if it is necessary to hold a subsequent hearing:

"The above-entitled cause is hereby set for hearing at Springfield, Missouri, on Thursday, November 7, 1963, at 2 p. m., or as soon thereafter as the cause can be heard. The history of this petitioner's complaints prior to the institution of this cause is set out in Smith v. Settle (WD Mo., 1962), 212 Fed.Supp. 622. Smith v. United States (DCSD Calif., 1961), 216 F. Supp. 809.

"I

"This is a proceeding filed by the petitioner in the nature of an application for Writ of Habeas Corpus, and petitioner's original complaint filed herein, along with later supplemental pleadings and letters are, for the purposes of this action, considered as one Application for a Writ of Habeas Corpus and all of petitioner's complaints contained therein will be heard. This is a civil action and petitioner has the burden of proof to sustain, by a preponderance of the evidence, his claim for relief on the issues herein set forth.

"II

"Since the petitioner sets forth allegations which required the production of petitioner from a Federal Institution before this Court for hearing, the Court rules that all issues which might affect the validity of the original criminal judgment and sentence, as well as petitioner's additional complaints from conviction to date of hearing, be pre-

sented at this hearing: and that in the absence of proof on a particular issue the Court will find that petitioner has not sustained his burden of proof and will find against the petitioner on the merits on such issue; that the petitioner will have the burden of proof on all said issues; and that as to issues on which proof is offered the Court will decide them on the merits.

"The purpose of this Order is to prevent piecemeal and repetitious petitions for relief, to hear and consider all matters that might affect the validity of the criminal judgment and sentence and subsequent events, and to, as far as possible, determine all such issues in one hearing.

"III

"The Court finds that petitioner is held in the custody of the Attorney General of the United States pursuant to a sentence of imprisonment for twenty-five (25) years, imposed in the Southern District of California on May 14, 1948, after trial by jury on the charge of bank robbery.

"IV

"In order to assist petitioner in presenting his case and accumulating necessary documents and information, the Court, on April 6, 1963, appointed O. J. Taylor, a member of the Bar of this Court, to represent petitioner. Mr. Taylor has conferred with petitioner and representatives of the United States Attorney's Office for the Western District of Missouri, and is prepared to represent petitioner at the hearing in this cause.

"V

"The following are the issues of fact and law to be heard in this proceeding:

"(a) *ISSUES OF FACT*

"1. At the time of petitioner's original trial and conviction in the Southern District of California, was he ade-

quately represented by competent counsel?[1]

"2. Did Laughlin E. Waters, United States Attorney for the Southern District of California, having received information in September, 1960, that one George Albert Scott, then awaiting execution at the California State Penitentiary, San Quentin, had confessed to the crime for which petitioner had been convicted and sentenced, knowingly suppress said material evidence and cause the legal execution of George Albert Scott before petitioner, or his attorney, could inquire into said evidence and report same to a competent Court, and, if so, has petitioner been prejudiced thereby?

"3. At the time of the alleged confession by George Albert Scott, did his court-appointed attorney, Myron E. Harpole, suppress material evidence from the Court and withdraw from the case, being fully aware of the confession by George Albert Scott, without protecting petitioner's right to present said evidence before a competent Court?

"4. Did the United States Attorney for the Western District of Missouri cause a violation of petitioner's constitutional rights in December, 1962, by recommending the dismissal of an additional indictment then pending against petitioner in the Southern District of California, thereby depriving petitioner of an opportunity to travel to the Southern District of California and his subsequent incarceration by the United States of America to date of hearing?

"(b) *ISSUES OF LAW*

"1. On the facts to be found at the hearing, is petitioner entitled to issuance of a Writ of Habeas Corpus or to other relief?

"2. Petitioner and Respondents will be given an opportunity to file memoranda or briefs concerning any issue or evidence raised at the hearing of this cause to which said party objects as being not properly brought before the Court and not admissible.

"VI

"This Order will control the subsequent course of this action unless modified to prevent manifest injustice. Evidence received at the hearing on November 7, 1963, will then be supplemented and the cause continued for reception of further evidence and the testimony of such witnesses as are necessary to make the record complete."

---

1. Petitioner has had a full plenary evidentiary hearing on this issue in the Committing Court which resulted in a finding against petitioner's claim. D.C. S.D.Calif., No. 1310–60 PH.